McCASLIN v THE HARTFORD ACCIDENT & INDEMNITY

Docket No. 110223. Submitted December 12, 1989, at Lansing. Decided February 21, 1990. Leave to appeal applied for.

Gary McCaslin brought an action in the Oakland Circuit Court against his employer's no-fault automobile insurer, The Hartford Accident & Indemnity. Plaintiff sought personal protection insurance benefits for a knee injury he sustained at a self-service gasoline station where he had stopped to fill a pickup truck owned by his employer. Plaintiff's injury occurred when another motorist, who had pulled up behind the truck, pinned plaintiff between the truck's rear and the front of his automobile as plaintiff was walking back from the station's cashier counter to the truck in order to reenter the truck. The court, Fred M. Mester, J., granted summary disposition in favor of defendant, ruling that, although plaintiff's injury fell within one of the exceptions to the no-fault act's exclusion of personal protection insurance benefits for accidental bodily injury involving parked vehicles inasmuch as plaintiff was entering a motor vehicle at the time of his injury, defendant, as an employer's no-fault insurer, does not have primary liability since plaintiff was not an occupant of the employer-owned truck at the time of his injury. Plaintiff appealed.

The Court of Appeals *held*:

Under the facts in this case, plaintiff did not sustain injury while he was entering into his vehicle. Plaintiff's injury therefore does not fall within the parked vehicle exception for injury sustained while occupying, entering into or alighting from a vehicle. The trial court reached the correct result, albeit for the wrong reason.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE —
    PARKED VEHICLES.

    Injury sustained by an individual as a result of being pinned

REFERENCES

Am Jur 2d, Automobile Insurance §§ 351, 355.

What constitutes "entering" or "alighting from" vehicle within meaning of insurance policy, or statute mandating insurance coverage. 59 ALR4th 149.

between the rear of his parked vehicle and the front of another vehicle driven by a motorist pulling behind the parked vehicle is not an injury sustained in the course of entering into a vehicle for which the no-fault act provides an exception to the exclusion of personal protection insurance benefits for injury involving parked vehicles (MCL 500.3106[1][c]; MSA 24.13106[1][c]).

*Liss & Liss, P.C.* (by *Arthur Y. Liss*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad* and *Anne M. McLaughlin*), for defendant.

Before: REILLY, P.J., and CYNAR and T. M. BURNS, * JJ.

PER CURIAM. Plaintiff Gary McCaslin appeals as of right from the order of the circuit court granting summary disposition to defendant The Hartford Accident & Indemnity, pursuant to MCR 2.116, on plaintiff's complaint seeking personal injury protection benefits under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* We affirm.

On May 25, 1986, plaintiff was driving a pickup truck owned by his employer, C.L. Langs Investment, and provided to plaintiff for use in his employment and for personal use. Plaintiff stopped at a self-service gasoline station, alighted from the truck, pumped gasoline, and went into the station to pay. As plaintiff returned to the truck, he walked between the rear of the truck and the front of a car which had pulled up behind the truck. The car lurched forward, pinning plaintiff between the bumpers and causing severe injury to his right knee.

At the time of the incident, plaintiff did not

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

personally own a vehicle and relied solely on his employer's truck. The truck was insured by his employer through defendant. Both the vehicle which struck plaintiff and the vehicle's driver were uninsured.

In granting defendant's motion for summary disposition, the trial court found that, while plaintiff was entitled to receive PIP benefits as "a person . . . entering into . . . the vehicle," pursuant to MCL 500.3106(1)(c); MSA 24.13106(1)(c), under the priority provisions of the no-fault act, plaintiff was not entitled to receive the benefits from defendant. The court found that plaintiff was not an "occupant" of the truck, for purposes of MCL 500.3114(3) or (4); MSA 24.13114(3) or (4), nor was plaintiff's truck "involved in the accident," for purposes of MCL 500.3115; MSA 24.13115.

Under the analysis which follows, we affirm the trial court's ultimate grant of summary disposition as the correct result in this case although it was reached for the wrong reason. *People v Beckley,* 161 Mich App 120, 131; 409 NW2d 759 (1987), lv gtd on other grounds, 430 Mich 858 (1988).

MCL 500.3105(1); MSA 24.13105(1) states:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

Concerning parked vehicles, such as plaintiff's truck, MCL 500.3106(1); MSA 24.13106(1) provides in pertinent part:

> Accidental bodily injury does arise out of the ownership, operation, maintenance, or use of a parked vehicle as motor vehicle unless any of the following occur:

* * *

> (c) Except as provided in subsection (2) the injury was sustained by a person while occupying, *entering into,* or alighting from the vehicle. [Emphasis added.]

Plaintiff essentially claims that at the time of the incident he was walking around the truck with the intent to enter it. However, the express language of § 3106(1)(c) does not address the intent of the injured person.

Words of a statute are to be given their ordinary, normally accepted meaning. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989). In interpreting a statute, dictionary definitions are appropriate aids. *People v Johnson,* 174 Mich App 108, 115; 435 NW2d 465 (1989).

*Webster's Third New International Dictionary, Unabridged Edition* (1966), provides:

> [1]enter *vb* entered; entering; enters *vi* 1a: to go or come into a material place: make a physical entrance or penetration. . . . *vt* 1a: to come or go into: pass into the interior of: pass within the outer cover or shell of: PENETRATE, PIERCE.

In this case, plaintiff had not crossed the plane or threshold of the truck's door, nor had he even made physical contact with the truck's door when the accident occurred. Given the plain meaning of § 3106(1)(c), plaintiff is not a person entitled to benefits under the no-fault act as a person "entering into" a parked vehicle.

We also note that our holding comports with the reasoning of *Miller v Auto-Owners Ins Co,* 411 Mich 633; 639-641; 309 NW2d 544 (1981), in which our Supreme Court examined the underlying pol-

icy supporting the parked vehicle exceptions contained in § 3106, stating in part:

> The policy underlying the parking exclusion is not so obvious but, once discerned, is comparably definite. Injuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle.* Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved. There is nothing about a parked vehicle *as a motor vehicle* that would bear on the accident.
>
> The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents.
>
> \*  \*  \*
>
> Section 3106(c) provides an exception for injuries sustained while occupying, entering or alighting from a vehicle, and represents a judgment that the nexus between the activity resulting in injury and the use of the vehicle as a motor vehicle is sufficiently close to justify including the cost of coverage in the no-fault system of compensating motor vehicle accidents.
>
> Each of the exceptions to the parking exclusion thus describes an instance where, although the vehicle is parked, its involvement in an accident is nonetheless directly related to its character as a motor vehicle. The underlying policy of the parking exclusion is that, except in three general types of situations, a parked car is not involved in an accident *as a motor vehicle.* It is therefore inappropriate to compensate injuries arising from its non-vehicular involvement in an accident within a system designed to compensate injuries involving motor vehicles as motor vehicles. [Emphasis in original.]

Therefore, having concluded that plaintiff is not entitled to receive PIP benefits under § 3106(1)(c) of the no-fault act, it is unnecessary for us to address any issues regarding whether defendant should be the source of any such benefits under the act's priority provisions, MCL 500.3114; MSA 24.13114 or MCL 500.3115; MSA 24.13115.

Affirmed.