BONNER v CHICAGO TITLE INSURANCE COMPANY

Docket No. 126793. Submitted November 13, 1991, at Grand Rapids. Decided June 1, 1992, at 9:20 A.M. Leave to appeal sought.

Ben V. Bonner, as personal representative of the estate of Asa W. Bonner, Jr., deceased, and Virginia M. Bonner brought an action in the Oakland Circuit Court against Chicago Title Insurance Company, alleging that the defendant had negligently issued a title insurance policy to third parties that erroneously stated that the third parties had an easement across the plaintiffs' property. The plaintiffs sought as damages the legal expenses incurred in a suit to clear the title to their property. The plaintiffs also alleged abuse of process by Chicago Title in vigorously defending the third parties in that action. The court, James S. Thorburn, J., granted partial summary disposition for Chicago Title with regard to the claim of abuse of process. After Judge Thorburn retired, Judge Edward Sosnick granted the plaintiffs' motion to amend their complaint to add Chicago Title's agent, Charlevoix Abstract & Engineering Company, as a defendant and to add an allegation of slander of title, and transferred the suit to the Charlevoix Circuit Court, finding venue there to be proper. The Charlevoix Circuit Court, Richard M. Pajtas, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court properly granted summary disposition of the negligence claim. The defendants owed no duty to the plaintiffs because the plaintiffs did not rely on the defendants' allegedly negligent misrepresentations.

2. The trial court correctly ruled that the plaintiffs could not recover the attorney fees incurred in prosecuting the prior

REFERENCES

Am Jur 2d, Abuse of Process § 4; Costs §§ 72 *et seq.*; Damages § 618; Libel and Slander § 553.

Attorneys' fees incurred in litigation with third person as damages in action for breach of contract. 4 ALR3d 270.

Right to recover as damages attorneys' fees incurred in earlier litigation with a third person because of involvement therein through a tortious act of present adversary. 45 ALR2d 1183.

action. There is no evidence that the defendants' wrongdoing caused the litigation.

3. The one-year period of limitation on actions alleging libel and slander, MCL 600.5805(7); MSA 27A.5805(7), applies to actions for slander of title. Because the plaintiffs' complaint was filed more than one year after the prior lawsuit was settled, the trial court's ruling that the plaintiffs' claim of slander of title was barred by the statute of limitations was proper.

4. Although the trial court erred in ruling that the plaintiffs were not entitled to allege more than one claim with regard to the same set of facts, reversal of the dismissal of the plaintiffs' claim of abuse of process is not necessary because the court reached the correct result, but for the wrong reason. Dismissal of the claim was proper because the plaintiffs did not allege an act by Chicago Title that demonstrates that the defenses raised by Chicago Title in the prior case were raised with an improper or ulterior motive.

Affirmed.

1. COSTS — DAMAGES — ATTORNEY FEES.

Attorney fees generally are not recoverable either as costs or as an item of damages unless expressly allowed by statute or court rule; however, a plaintiff may recover as damages from a third party the attorney fees the plaintiff expended in a prior lawsuit the plaintiff was forced to defend or prosecute because of the wrongful acts of the third party.

2. LIMITATION OF ACTIONS — LIBEL AND SLANDER — SLANDER OF TITLE.

The one-year period of limitation applicable to an action for libel or slander applies to an action for slander of title (MCL 600.5805[7]; MSA 27A.5805[7]).

3. PROCESS — ABUSE OF PROCESS.

A plaintiff, to recover pursuant to a theory of abuse of process, must plead and prove an ulterior purpose by the defendant and an act by the defendant in the use of process that is improper in the regular prosecution of the proceeding; to establish an abuse of process, the plaintiff must show that the defendant has used a proper legal procedure for a purpose collateral to the intended use of that procedure, and there must be a corroborating act that demonstrates the ulterior purpose, not just a bad motive alone.

*Bendure & Thomas* (by *J. Christopher Caldwell*), for the plaintiffs.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses* (by *C. Robert Wartell* and *Julie Chenot Mayer*), for Chicago Title Insurance Company.

*Straub, Seaman & Allen, P.C.* (by *John M. Donahue* and *Drew F. Seaman*), for Charlevoix Abstract & Engineering Company.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

DOCTOROFF, P.J. Plaintiffs appeal as of right from a circuit court order granting summary disposition in favor of defendants. Plaintiffs claim that the trial court erred in granting summary disposition of their negligence claim, in ruling that plaintiffs could not recover attorney fees as damages, in ruling that plaintiffs' claim of slander of title was time-barred, and in dismissing their claim alleging abuse of process against defendant Chicago Title Insurance Company. We affirm.

Plaintiffs own land in Eveline Township, Charlevoix County, Michigan. On October 1, 1970, Claud and Edith Gill, who owned land adjacent to plaintiffs' property, sold their land to Alex and Jean Pomnichowski under a land contract. On October 24, 1977, the Gills gave the Pomnichowskis a warranty deed to the property, which also conveyed to the Pomnichowskis an easement across plaintiffs' property. However, plaintiffs never granted an easement to the Gills or their predecessors in title. The Pomnichowskis' title was insured by defendant Chicago Title after a title examination was performed by Chicago Title's agent, defendant Charlevoix Abstract & Engineering Company.

In the fall of 1985, plaintiffs discovered that the Pomnichowskis were cutting trees on plaintiffs'

property. Plaintiffs obtained an injunction preventing the further destruction of their property, and on October 28, 1985, plaintiffs commenced suit against the Pomnichowskis to clear the cloud on their title. As required by the title insurance contract between Chicago Title and the Pomnichowskis, Chicago Title defended the Pomnichowskis in the suit brought by plaintiffs. In May 1987, plaintiffs and the Pomnichowskis settled the suit by stipulation and agreement, and the Pomnichowskis quitclaimed to the plaintiffs whatever right they claimed to have in the easement and paid for the damage to the trees.

On August 11, 1988, plaintiffs filed this suit against defendant Chicago Title in the Oakland Circuit Court. The complaint alleged that Chicago Title had negligently insured the Pomnichowskis' title when they should have discovered the illegal easement, thereby causing plaintiffs to incur legal expenses of $29,000 to clear the title to their property. The second count of plaintiffs' complaint alleged abuse of process by Chicago Title in vigorously defending the Pomnichowskis in the prior suit. Plaintiffs alleged that Chicago Title knew that its position was indefensible, but that it hoped to use its superior economic power to prolong the litigation and thereby force plaintiffs to abandon the suit.

Chicago Title moved for summary disposition on October 3, 1988, pursuant to MCR 2.116(C)(8) and (10). Oakland Circuit Judge James S. Thorburn granted partial summary disposition with regard to the claim of abuse of process.

After Judge Thorburn's retirement, the suit was transferred to Oakland Circuit Judge Edward Sosnick. On June 27, 1989, plaintiffs amended their complaint by leave granted, adding defendant

Charlevoix Abstract and adding the allegation of slander of title.

On September 26, 1989, Judge Sosnick transferred the suit to the Charlevoix Circuit Court, finding venue to be proper there. Both defendants moved for summary disposition of all counts of plaintiffs' complaint, pursuant to MCR 2.116(C)(7), (8), and (10). The Charlevoix Circuit Court granted defendants' motions and, in an order dated February 23, 1990, dismissed all counts of plaintiffs' amended complaint.

Plaintiffs first claim that the trial court erred in granting summary disposition of their negligence claim. Plaintiffs argue that the trial court erred in ruling that defendants owed no duty to plaintiffs because plaintiffs had not relied upon the title insurance policy.

A motion for summary disposition based on MCR 2.116(C)(8) tests the legal sufficiency of the claim by the pleadings alone. *Terrell v LBJ Electronics,* 188 Mich App 717, 719; 470 NW2d 98 (1991); *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990). The court must accept the factual allegations as true, along with any inferences that may be drawn from the facts. *Id.* The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could possibly justify a recovery. *Id.* In a negligence action, the motion is properly granted if it is determined, as a matter of law, that the defendant owed no duty to the plaintiff. *Terrell, supra; New Hampshire Ins Group v Labombard,* 155 Mich App 369, 372; 399 NW2d 527 (1986).

The elements of a negligence claim are (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) legal or proximate cause, and (6) damage. *Moning v Alfono,* 400 Mich 425,

437; 254 NW2d 759 (1977). "Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Id.,* pp 438-439. The question of duty is for the court to decide. *Id.,* p 438.

Plaintiffs claim that they were harmed by defendants' action in negligently searching and issuing the title insurance policy to the Pomnichowskis and that defendants owed plaintiffs a duty of care because they were within the class of those who foreseeably could be injured by defendants' negligent conduct.

Whether an abstract company or a title insurance company owes a duty of care to anyone in the class of those who foreseeably could be injured by the negligence of the abstract company or the title insurance company has not been determined in Michigan. In an analogous situation, however, in *Williams v Polgar,* 391 Mich 6, 21-23; 215 NW2d 149 (1974), the Michigan Supreme Court held that an abstracter could be liable under a theory of negligent misrepresentation where the abstracter negligently performed a title search. Our Supreme Court determined in that case that a cause of action for negligent misrepresentation ran to all those whom the abstracter reasonably could have foreseen as relying upon the accuracy of the abstract. *Id.,* p 22.

In *Friedman v Dozorc,* 412 Mich 1, 28; 312 NW2d 585 (1981), though factually distinct from this case, our Supreme Court held that reliance is an appropriate factor to be considered when determining whether a duty is owed a third party by a professional. Similarly, this Court in *Law Offices of Stockler v Rose,* 174 Mich App 14, 35-36; 436 NW2d 70 (1989), stated with respect to the tort of negligent misrepresentation, and in reliance upon

*Williams,* that the third parties to whom a duty is owed are limited to those parties whom the actor reasonably could foresee as relying upon the information provided.

In this case, Chicago Title insured the Pomnichowskis' title after a title search was performed by Charlevoix Abstract. The Pomnichowskis apparently relied upon the title search and policy, and believed that they had an easement across plaintiffs' property. As a result, plaintiffs incurred legal expenses to remove this cloud from their title. Plaintiffs do not claim to have had any contractual relationship with defendants, nor do plaintiffs claim to have relied upon the title policy issued by defendants.

In view of *Williams, Friedman,* and *Stockler,* we conclude that the trial court correctly held that defendants owed no duty to plaintiffs because plaintiffs did not rely on defendants' allegedly negligent misrepresentations. The grant of summary disposition was proper.

Plaintiffs' second claim is that the trial court erred in ruling that they could not recover attorney fees as damages.

Generally, attorney fees are not recoverable in litigation, either as costs or as an item of damages, unless expressly allowed by statute or court rule. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986); *DeWald v Isola (After Remand),* 188 Mich App 697, 699; 470 NW2d 505 (1991). An exception to this rule permits a plaintiff to recover as damages from a third party the attorney fees the plaintiff expended in a prior lawsuit the plaintiff was forced to defend or prosecute because of the wrongful acts of the third party. *Warren v McLouth Steel Corp,* 111 Mich App 496, 508; 314 NW2d 666 (1981). See also *Yamaha Motor Corp, USA v Tri-City Motors & Sports, Inc,* 171 Mich

App 260, 281; 429 NW2d 871 (1988). Where there is no evidence to support a claim that a third party's wrongdoing caused the prior litigation, recovery of attorney fees under this exception is improper. *Id.*

Plaintiffs argue that they should be able to recover the attorney fees incurred in prosecuting the prior action against the Pomnichowskis because that action was necessitated by defendants' wrongdoing, namely, the negligent misrepresentation that the easement was properly conveyed. Having determined that summary disposition of plaintiffs' negligence claim was proper, we conclude that the trial court correctly ruled that plaintiffs could not recover attorney fees as damages. Plaintiffs cannot show that defendants' wrongdoing caused the prior litigation.

Plaintiffs' third claim is that the trial court erred in ruling that their claim of slander of title was barred by the one-year statute of limitations found in MCL 600.5805(7); MSA 27A.5805(7).

When reviewing a motion for summary disposition under MCR 2.116(C)(7), we must accept all well-pleaded allegations as true and construe them most favorably to the plaintiff. *Haywood v Fowler,* 190 Mich App 253, 256; 475 NW2d 458 (1991). If no facts are in dispute, the issue whether the claim is barred by statute is one of law for the court. *Executone Business Systems Corp v IPC Communications, Inc,* 177 Mich App 660, 665; 442 NW2d 755 (1989).

The cause of action for slander of title occurs when there is a false and malicious statement made to disparage a person's title to real estate. *Glieberman v Fine,* 248 Mich 8, 13; 226 NW 669 (1929). The elements of slander of title are (1) falsity of the statement made, and (2) malice.

*Stanton v Dachille,* 186 Mich App 247, 262; 463 NW2d 479 (1990).

The question of what statute of limitations applies to slander of title actions has not been answered in Michigan. Plaintiffs argue that the three-year limitation period in MCL 600.5805(8); MSA 27A.5805(8) applies. The trial court ruled that the one-year limitation period in MCL 600.5805(7); MSA 27A.5805(7) applies.

MCL 600.5805; MSA 27A.5805 provides, in pertinent part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> \* \* \*
>
> (7) The period of limitations is 1 year for an action charging libel or slander.
>
> (8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

Although there is authority to the contrary, we conclude that the majority of jurisdictions have adopted the view that, in the absence of a statute expressly referring to actions for slander of title, the statute of limitations applicable to actions for libel and slander applies to actions for slander of title. See *Lehigh Chemical Co v Celanese Corp of America,* 278 F Supp 894 (D Md, 1968); *Norton v Kanouff,* 165 Neb 435; 86 NW2d 72 (1957); *Old Plantation Corp v Maule Industries, Inc,* 68 So 2d 180 (Fla, 1953); *Woodard v Pacific Fruit & Produce Co,* 165 Or 250; 106 P2d 1043 (1940); *Bush v McMann,* 12 Colo App 504; 55 P 956 (1899). In

*Buehrer v Provident Mutual Life Ins Co,* 123 Ohio
St 264; 175 NE 25 (1931), the Ohio Supreme Court
rejected the plaintiff's contention that his claim of
slander of title was controlled by the section of the
Ohio General Code that provided that an action
for injury to property or for trespass upon real
property must be brought within four years after
the action accrued. Instead, the court held that the
plaintiff's claim was controlled by the section of
the code that provided that actions for libel and
slander must be brought within one year after the
action accrued. The court stated:

> That section comprehends all actions for slander
> or for libel, and is not limited, in terms, to slander
> or libel against the person only; nor is it confined
> to any particular kind of slander—slander of the
> person rather than of property; nor can we see any
> legislative purpose in making such a distinction.
> [*Id.,* p 271.]

We, too, can see no reason to make a distinction
between an action alleging defamation of title to
property and an action alleging defamation of the
person.

We agree with the view adopted by the jurisdic-
tions mentioned above and hold that the one-year
period of limitation for an action charging libel or
slander applies to an action for slander of title.
Plaintiffs' complaint was filed more than one year
after they settled their lawsuit against the Pomni-
chowskis. See *Chesebro v Powers,* 78 Mich 472,
479; 44 NW 290 (1889). Therefore, the trial court
properly ruled that plaintiffs' claim of slander of
title was barred by the statute of limitations.

Plaintiffs' last contention is that the trial court
erred in dismissing their claim alleging abuse of
process against Chicago Title.

Initially, we note that defendants' argument

that plaintiffs failed to preserve this issue for review because they did not file a separate claim of appeal from the November 21, 1988, order is without merit. Where a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case. *Dean v Tucker,* 182 Mich App 27, 31; 451 NW2d 571 (1990). We also reject Chicago Title's assertion that plaintiffs abandoned this issue because they did not reallege the claim of abuse of process in their first amended complaint.

The trial court dismissed plaintiffs' claim of abuse of process because it believed that plaintiffs could not allege more than one claim with regard to the same set of facts. The trial court erred in ruling that plaintiffs were not entitled to allege more than one claim. MCR 2.111(A)(2)(b). Nevertheless, we affirm the dismissal of plaintiffs' claim of abuse of process. This Court will not reverse a trial court's decision where it reached the correct result, but for the wrong reason. *McCaslin v Hartford Accident & Indemnity,* 182 Mich App 419, 421; 452 NW2d 834 (1990).

To recover pursuant to a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding. *Friedman, supra,* pp 30-31. In *Vallance v Brewbaker,* 161 Mich App 642, 646; 411 NW2d 808 (1987), this Court described a meritorious claim of abuse of process as a situation where the defendant has used a proper legal procedure for a purpose collateral to the intended use of that procedure. The Court further stated that there must be some corroborating act that demonstrates the ulterior purpose. *Id.* A bad motive alone will not establish an abuse of process. *Id.*

In this case, plaintiffs alleged in their original

complaint that Chicago Title abused the legal process by vigorously presenting groundless defenses in defending the Pomnichowskis in their earlier lawsuit. However, plaintiffs did not allege an act by Chicago Title that demonstrates that the defenses raised were raised with the alleged improper ulterior motive. Thus, the dismissal of plaintiffs' claim of abuse of process was proper.

Affirmed.