GORDON v ALLSTATE INSURANCE COMPANY

Docket No. 129212. Submitted November 17, 1992, at Detroit. Decided December 21, 1992, at 10:20 A.M.

Debra Gordon brought an action in the 34th District Court against Allstate Insurance Company, seeking no-fault benefits for injuries sustained when a mobile crane used in unloading cargo from a parked truck at her employment caused the cargo to swing as it was lifted, striking the plaintiff and causing her to fall off the truck and fracture an ankle. The plaintiff initially received workers' compensation benefits. The court, Henry Zaborowski, J., granted summary disposition for the defendant, ruling that the crane was not a motor vehicle and that bodily injury arising out of its use or operation was not compensable under the no-fault act. The Wayne Circuit Court, John A. Murphy, J., reversed, determining that the plaintiff's claim falls within an exception to the parked vehicle exclusion of the no-fault act. The defendant appealed by leave granted.

The Court of Appeals *held:*

MCL 500.3106(2)(a); MSA 24.13106(2)(a) provides that accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the workers' compensation act are available to an employee who sustains the injury in the course of employment while loading, unloading, or doing mechanical work on a vehicle, unless the injury arises from the use or operation of another vehicle. "Another vehicle," as used in § 3106(2)(a) does not mean "motor vehicle," as defined in MCL 500.3101(2)(e); MSA 24.13101(2)(e). In this case, the plaintiff may seek no-fault benefits pursuant to § 3106(2)(a) because her injury arose from the operation of a vehicle other than the parked truck, i.e., the mobile crane.

Affirmed.

#### REFERENCES

Am Jur 2d, Automobile Insurance §§ 34, 368; Workers' Compensation § 111.

What constitutes motor vehicle for purposes of no fault insurance. 73 ALR4th 1053.

Loading and unloading clause, risks within loading and unloading clause of motor vehicle liability insurance policy. 6 ALR4th 686.

INSURANCE — NO-FAULT — PARKED VEHICLES.

   Accidental bodily injury does not arise out of the ownership,
   operation, maintenance, or use of a parked vehicle as a motor
   vehicle if benefits under the workers' compensation act are
   available to the employee who sustains the injury in the course
   of employment while loading, unloading, or doing mechanical
   work on a vehicle, unless the injury arises from the use or
   operation of another vehicle (MCL 500.3106[2][a]; MSA
   24.13106[2][a]).

*Bloom & Kavanaugh* (by *Gary M. Bloom*), for
the plaintiff.

*Mitchell & Leon* (by *Christina B. Bailey*) (*Garan,
Lucow, Miller, Seward, Cooper & Becker, P.C.,* by
*James G. Gross,* of Counsel), for the defendant.

Before: DOCTOROFF, C.J., and MURPHY and CAV-
ANAGH, JJ.

PER CURIAM. Defendant, Allstate Insurance
Company, appeals by leave granted from an order
of the Wayne Circuit Court that granted partial
summary disposition to plaintiff, Debra Gordon, in
connection with her claim for benefits under the
no-fault act. MCL 500.3101 *et seq.*; MSA 24.13101
*et seq.* Defendant argues that the circuit court
erred in reversing the district court's order deny-
ing coverage in connection with injuries plaintiff
suffered while she was unloading steel from a
truck. We disagree and affirm.

   The facts giving rise to plaintiff's claim are
essentially undisputed. On January 26, 1988,
plaintiff, an iron worker, suffered a fractured an-
kle while she was unloading a bundle of steel from
a truck. Plaintiff was on the bed of the truck,
seeking to free the bundle that was being unloaded
with the assistance of a crane. The crane had an
attached boom that was used to lift the load off the
bed of the truck. Plaintiff and another worker had

the duty of attaching the boom to the load so that it could be lifted by the crane. At the time of the accident, the bundle of steel to which the boom was attached became lodged underneath the remaining steel. When plaintiff attempted to dislodge the load, the crane operator lifted the load, causing it to swing free· and push plaintiff off the truck, resulting in her injury.

Plaintiff received medical and wage-loss benefits from her employer's workers' compensation insurance carrier. However, plaintiff filed a claim for additional wage-loss benefits from defendant under an insurance policy issued to plaintiff's mother. When defendant denied coverage, plaintiff filed a complaint in district court, seeking excess wage-loss benefits under her mother's policy. The district court granted defendant's motion for summary disposition on the ground that the no-fault act did not cover injuries arising out of the use or operation of a crane. Plaintiff appealed to the circuit court, which reversed the district court's order denying benefits. We granted defendant's delayed application for leave to appeal.

No-fault benefits may be recovered for "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1); MSA 24.13105(1). This case implicates an additional section of the no-fault act commonly referred to as the parked vehicle exclusion. MCL 500.3106; MSA 24.13106. The policy behind the parked vehicle exclusion is that, as a general rule, injuries involving parked vehicles do not usually involve the use of a motor vehicle "as a motor vehicle" such that benefits are payable. *McCaslin v Hartford Accident & Indemnity,* 182 Mich App 419, 423; 452 NW2d 834 (1990) (quoting *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639-641; 309 NW2d 544 [1981]).

However, the Legislature has determined that there are certain situations that involve injuries that are so intricately related to the character of the motor vehicle that the parked vehicle exclusion should not apply. *Id.* These situations are codified as exceptions to the parked vehicle exclusion. See MCL 500.3106(1)(a-c) and (2)(a-b); MSA 24.13106(1)(a-c) and (2)(a-b). It is one of these exceptions that is applicable to this case.

As a threshold matter, we must dispel the notion asserted by defendant that plaintiff must satisfy the provisions of both MCL 500.3105(1); MSA 24.13105(1) and MCL 500.3106; MSA 24.13106 in order to be entitled to benefits under the no-fault act. In *Winter v Automobile Club of Michigan,* 433 Mich 446; 446 NW2d 132 (1989), our Supreme Court stated that it is unnecessary to make separate determinations whether §§ 3105(1) and 3106 are fulfilled. *Id.,* p 458, n 10 (overruling the conclusion that the Court previously made requiring satisfaction of both sections as a prerequisite to recovery under § 3106). Thus, where an injury arises from the use of a parked vehicle, if the circumstances under which the accident occurred are such that they implicate one of the enumerated exceptions to the parked vehicle exclusion, recovery may be had without consideration of whether the vehicle was being used "as a motor vehicle" under § 3105(1). See *Mack v Travelers Ins Co,* 192 Mich App 691, 694; 481 NW2d 825 (1992).

Defendant makes much of the fact that the crane at issue is not a "motor vehicle" as defined under the no-fault act. See MCL 500.3101(2)(e); MSA 24.13101(2)(e). However, nowhere in the no-fault act is it said that every vehicle involved in an accident must satisfy the definition of "motor vehicle" before recovery will be permitted. In fact,

our Supreme Court seemed to suggest otherwise when it analyzed the circumstances in *Wills v State Farm Ins Cos,* 437 Mich 205; 468 NW2d 511 (1991). In that case, the Court was faced with a situation where the plaintiff sought death benefits under the no-fault act after her husband was killed when the snowmobile he was riding collided with a parked vehicle. The Court recognized that the snowmobile was not a "motor vehicle" for the purpose of the no-fault act. *Id.,* p 209. Nonetheless, the Court went on to construe whether the parked vehicle fit within one of the enumerated exceptions to the parked vehicle exclusion. *Id.,* pp 209-214. The implication is that recovery may be permitted under an exception to the parked vehicle exclusion, notwithstanding the fact that one of the vehicles involved may not fit within the definition of "motor vehicle."

"Motor vehicle" is defined under the no-fault act as follows:

> "Motor vehicle" means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. [MCL 500.3101(2)(e); MSA 24.13101(2)(e).]

Neither party disputes the fact that the truck upon which the steel was hauled to the site fits within the parameters of § 3101(2)(e). In fact, in its answer to the complaint filed in district court, defendant admits that the truck was a motor vehicle. Thus, the question whether the crane also fits within the definition of a "motor vehicle" is not dispositive, unless the circumstances are such that an exception to the parked vehicle exclusion does not apply.

We reject defendant's contention that the injury

in this case arose solely out of the use of the crane. Whether an injury arises out of the use of a motor vehicle must be determined case by case. *Musall v Golcheff,* 174 Mich App 700, 702; 436 NW2d 451 (1989). In making this determination, the causal connection between the injury and the use of the motor vehicle must be more than incidental, fortuitous, or but for. *Marzonie v Auto Club Ins Ass'n,* 193 Mich App 332, 334-335; 483 NW2d 413 (1992) (quoting *Jones v Allstate Ins Co,* 161 Mich App 450, 454-456; 411 NW2d 457 [1987]). The involvement of the motor vehicle in the injury should be directly related to the character of the vehicle as a motor vehicle. *Id.*

In this case, we are convinced that there was a sufficient causal relationship between plaintiff's injury and the parked truck. Plaintiff was on the bed of the truck unloading steel when the injury occurred. Inasmuch as the injury occurred during the unloading process and was intricately connected to the performance of the unloading function, we conclude that the injury arose out of the use of the truck. See *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 315-316; 282 NW2d 301 (1979). We further note that this conclusion does not preclude a similar finding with regard to the use of the crane. Rather, § 3106(2)(a) necessarily implies that there will be an injury arising out of the use of a parked motor vehicle and another vehicle in order for recovery to be permitted. See discussion, *infra.*

Because plaintiff's injury arose out of the use of a motor vehicle that was parked at the time of the incident, we now turn our attention to § 3106. The relevant portions of § 3106 read as follows:

(2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a

> parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969 . . . are available to an employee who sustains the injury in the course of his or her employment while doing either of the following:
>
> (a) Loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle. [MCL 500.3106; MSA 24.13106.]

Construing the above provision within the facts of this case, we conclude that the circuit court properly reversed the decision of the district court.

The general rule, as codified in § 3106(1), is that accidental bodily injury is not compensable under the no-fault act where the injury arises out of the use or operation of a parked motor vehicle. *McCaslin, supra,* p 423. Further, pursuant to § 3106(2)(a), if the claimant has recovered benefits under the Workers' Disability Compensation Act for an injury that arose from loading or unloading a vehicle, the claimant cannot also recover benefits under the provisions of the no-fault act. The purpose of this section is to prevent duplicative recovery. *Stanley v State Automobile Mutual Ins Co,* 160 Mich App 434, 437; 408 NW2d 467 (1987). However, § 3106(2)(a) also provides that if, in the course of employment, the employee is injured while loading or unloading a vehicle and the injury arises out of the use or operation of another vehicle, the claimant may recover under the no-fault act even though the claimant may have also recovered under the WDCA. Section 3106(2)(a). Defendant asks that we read this section as requiring the "another vehicle" language to be the definitional equivalent of the "motor vehicle" language under § 3101(2)(e). We decline to do so.

The Legislature is presumed to have intended the meaning plainly expressed in a statute. *Wilson*

*v League General Ins Co,* 195 Mich App 705; 491 NW2d 642 (1992). If the meaning of the language is clear and unambiguous, judicial construction is unnecessary and impermissible. *Id.* The Legislature will be presumed to have intended that its amendments of a statute be construed harmoniously with other provisions of the statute. *Michigan Millers Mutual Ins Co v West Detroit Building Co,* 196 Mich App 367; 494 NW2d 1 (1992). In construing a statute, courts should presume that every word has some meaning and should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Id.*

In this case, the language of the statute is clear and unambiguous, thus precluding judicial construction. The clear language states that recovery will be precluded "unless the injury arose from the use or operation of another vehicle." The statute does not say that recovery will be precluded unless the injury arose from the use or operation of another motor vehicle, nor will we construe it to so read. In fact, when the Legislature amended the statute in 1986 (1986 PA 318, effective June 1, 1987), it expressly excluded certain "motor vehicles" from the category, thereby implying that "another vehicle" is not necessarily synonymous with "motor vehicle."

The term "vehicle" is not given a specific definition in the no-fault act. Where a term is not defined in a statute, we may look to dictionary definitions for guidance. *Ludington Service Corp v Comm'r of Ins,* 194 Mich App 255, 261; 486 NW2d 120 (1992). *The American Heritage Dictionary of the English Language* (1976), defines "vehicle" as follows:

> 1. Any device for carrying passengers, goods, or equipment, usually one moving on wheels or runners, as a car or sled; a conveyance.

Under this definition, the term "vehicle" appears to be more expansive than the term "motor vehicle." In fact, reading this definition in conjunction with the statutory definition of "motor vehicle," it is apparent that a motor vehicle is a type of vehicle. Thus, according to the way the statute is written, recovery will be precluded unless the injury arose from the use or operation of another vehicle, whether that vehicle be a "motor vehicle" or otherwise.

In the case at bar, we conclude that the crane that was used in assisting the unloading operation that led to plaintiff's injury falls within the definition of the term "vehicle" as commonly understood. The crane is a "device" for carrying goods. Further, the crane had four wheels and was capable of moving about the job site with little or no difficulty. We decline to replace the clear language expressed by the Legislature in this section of the statute with more specific language from a separate section. Having concluded that the crane in this case is another vehicle for the purpose of this section of the statute, plaintiff was entitled to seek payment of benefits under the no-fault act because the injury arose from the use of a parked vehicle under circumstances that constitute an exception to the parked vehicle exclusion.

Affirmed. We do not retain jurisdiction. Plaintiff may tax costs.