RIDGE v HOLLAND MOTOR EXPRESS

Docket No. 141551. Submitted August 4, 1993, at Grand Rapids.
Decided September 20, 1993, at 9:05 A.M.

George B. Ridge sought workers' disability compensation benefits
after he left his job with Holland Motor Express and began
receiving retirement benefits from his labor union's pension
fund, to which both he and Holland had made contributions. A
magistrate found that the retiree presumption in MCL 418.373;
MSA 17.237(373) applied and that Ridge successfully had rebut-
ted the presumption and established his entitlement to work-
ers' compensation benefits. The Workers' Compensation Appeal
Board affirmed, finding that the statute was not applicable
because Ridge had made contributions to the pension fund and,
therefore, the pension benefits were paid on behalf of Ridge as
well as Holland. Holland appealed by leave granted.

The Court of Appeals *held:*

1. MCL 418.373; MSA 17.237(373) does not require that an
employer be the sole contributor to a program providing pen-
sion benefits. The presumption in the statute is applicable
whenever the employer from whom weekly benefits are sought
has contributed to a program providing the claimant with
nondisability pension or retirement benefits, and even if others,
including the claimant, have also contributed.

2. The WCAB erred in ruling that Holland was not entitled to
the benefit of the statutory presumption merely because Ridge
had also contributed to the pension fund.

3. The decision of the WCAB must be reversed and the matter
remanded to the Workers' Compensation Appellate Commission
for review of the magistrate's decision that Ridge overcame the
statutory presumption.

Reversed and remanded.

FITZGERALD, P.J., dissenting, stated that the language of MCL
418.373(1); MSA 17.237(373)(1) is not ambiguous and, therefore,
not subject to judicial interpretation.

REFERENCES

Am Jur 2d, Pensions and Retirement Funds § 1694.

See ALR Index under Pensions and Retirement; Presumptions and
Burden of Proof; Workers' Compensation.

WORKERS' COMPENSATION — RETIREE PRESUMPTION — NONDISABILITY
PENSIONS — CONTRIBUTIONS TO PENSION PROGRAM.

An employee who terminates active employment and receives
nondisability pension or retirement benefits under either a
private or governmental pension or retirement program that
was paid by or on behalf of an employer from whom weekly
workers' compensation benefits are sought is presumed not to
have a loss of earnings or earning capacity as the result of a
compensable injury; this presumption applies whenever the
employer from whom weekly benefits are sought has contrib-
uted to a program providing the claimant with nondisability
pension or retirement benefits, and even if others, including the
claimant, have also contributed to the program (MCL
418.373[1]; MSA 17.237[373][1]).

*Chambers, Steiner, Mazur, Ornstein & Amlin,
P.C.* (by *Lisa A. Klaeren* and *Douglas A. Merrow*),
for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R.
Mather*), for the defendant.

Before: FITZGERALD, P.J., and CONNOR and TAY-
LOR, JJ.

CONNOR, J. Defendant appeals by leave granted
a decision of the Workers' Compensation Appeal
Board. We reverse.

Plaintiff was a truck driver for defendant. When
he was fifty-seven years old, plaintiff left his job
and began receiving retirement benefits from his
labor union's pension fund. A magistrate found
that the retiree presumption in MCL 418.373;
MSA 17.237(373) applied. The magistrate also
found that plaintiff had successfully rebutted the
presumption and established that he was entitled
to workers' compensation benefits. Defendant ap-
pealed to the WCAB. The WCAB found that MCL
418.373; MSA 17.237(373) was not applicable in
this case and affirmed the magistrate's award. The

WCAB reasoned that, because plaintiff had made some contributions to his union's pension fund, the pension benefits were paid on behalf of plaintiff as well as defendant, and, consequently, the retiree presumption did not apply.

The presumption in MCL 418.373(1); MSA 17.237(373)(1) applies to certain employees receiving nondisability retirement benefits. It applies only when those benefits are "paid by or on behalf of an employer from whom weekly [workers' compensation] benefits . . . are sought." *Id.* Significantly, in the statute there is one example of retirement benefits that can trigger the presumption: social security old-age benefits. See *id.*

Throughout plaintiff's employment with defendant, both plaintiff and defendant paid social security taxes on plaintiff's behalf. Yet plaintiff's receiving social security old-age benefits would have triggered the presumption. This demonstrates that, contrary to the WCAB's decision, the statute does not require that the employer be the sole contributor to the program providing pension benefits. We hold that the presumption in MCL 418.373; MSA 17.237(373) is applicable whenever the employer from whom weekly benefits are sought has contributed to a program providing the claimant with nondisability pension or retirement benefits, and even if others, *including the claimant,* have also contributed.

In this case, plaintiff is receiving benefits from a union pension fund to which defendant had contributed. Consequently, the WCAB erred in ruling that defendant was not entitled to the benefit of the presumption in MCL 418.373; MSA 17.237(373) merely because plaintiff had also contributed to the pension fund. We reverse the decision of the WCAB and remand to its successor, the Workers' Compensation Appellate Commission, for review of

the magistrate's decision that plaintiff overcame the presumption.

Reversed and remanded. We do not retain jurisdiction.

Taylor, J., concurred.

Fitzgerald, P.J. *(dissenting).* I respectfully dissent. MCL 418.373(1); MSA 17.237(373)(1) creates a rebuttable presumption that workers receiving nondisability pension or retirement benefits are not entitled to collect workers' compensation benefits. *Peck v General Motors Corp,* 164 Mich App 580; 417 NW2d 547 (1987). Specifically, the statute provides in relevant part:

> An employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the social security act, 42 USC 301 to 1397f, *that was paid by or on behalf of an employer* from whom weekly benefits under this act are sought shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury or disease under either this chapter or chapter 4. [Emphasis added.]

The Legislature is presumed to have intended the meaning plainly expressed in a statute. *Gordon v Allstate Ins Co,* 197 Mich App 609, 615; 496 NW2d 357 (1992). If the meaning of the language is clear and unambiguous, judicial construction is unnecessary and impermissible. *Wilson v League General Ins Co,* 195 Mich App 705, 709; 491 NW2d 642 (1992).

The statutory language in § 373(1) is clear and unambiguous, thus precluding judicial construction. Hence, I disagree with my colleagues' conclusion that the statute is ambiguous and subject to judicial interpretation.