*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUTH M. DOBRINSKI,

       Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

       Defendant-Appellant,

and

DOLGENCORP, LLC, and WOODWARD
DETROIT CVS,

       Defendants.

UNPUBLISHED
April 23, 2020

No. 345045
Bay Circuit Court
LC No. 17-003788-NF

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of its motion for summary disposition. We reverse, and remand for entry of an order granting summary disposition in favor of defendant under MCR 2.116(C)(10).

## I. FACTUAL BACKGROUND

Plaintiff fell in the parking lot of the Dollar General located in Bay City, Michigan. Plaintiff had parked her car in the parking lot, alighted from the vehicle, and then went into the Dollar General. Plaintiff left the store after purchasing greeting cards, cookies, and candy, and returned to her vehicle. Plaintiff opened the driver's side door, reached across the center console

---

[1] *Dobrinski v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, issued January 25, 2019 (Docket No. 345045).

-1-

and placed the items she had purchased on the front passenger seat. Plaintiff closed the driver's side door, and returned her shopping cart to the corral in the parking lot. Plaintiff began to walk back to her car, and as she was reaching for the door handle on the driver's side door, the toe of plaintiff's shoe got caught in a small hole in the parking lot causing plaintiff to fall. Plaintiff never touched the vehicle.

Plaintiff sought payment of PIP benefits from defendant, her no-fault insurer, under MCL 500.3106(1). Defendant refused to pay, arguing that plaintiff was not entering her vehicle at the time of her fall, and therefore she was not entitled to PIP benefits under MCL 500.3106(1). Plaintiff brought suit, and following discovery, defendant moved for summary disposition under MCR 2.116(C)(10). The trial court denied defendant's motion, concluding that a factual issue remained for the jury regarding whether plaintiff was in the process of entering her vehicle at the time of her fall. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 251; 901 NW2d 534 (2017). Summary disposition is appropriate under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is "entitled to judgment or partial judgment as a matter of law." *Id*. (quotation marks and citation omitted). "[W]here there is no dispute about the facts, the issue whether an injury arose out of the use of a vehicle is a legal issue for a court to decide and not a factual one for a jury." *Id*. quoting *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 216 n 1; 580 NW2d 424 (1998) (alteration in original).

## III. ANALYSIS

Defendant argues that the trial court erred as a matter of law by concluding that there were outstanding questions of fact regarding whether plaintiff was entering her vehicle at the time she fell. We agree.

MCL 500.3105(1) provides that "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. . . ." When a motor vehicle is parked, MCL 500.3106(1) provides that "[a]ccidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle," except when:

> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

> (b) Except as provided in [MCL 500.3106(2)], the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

> (c) Except as provided in [MCL 500.3106(2)], the injury was sustained by a person while occupying, entering into, or alighting from the vehicle. [MCL 500.3106(1).]

To receive coverage for a claim involving a parked motor vehicle, a claimant "must demonstrate that (1) his conduct fits one of the three exceptions of [MCL 500.3106(1)]; (2) the injury arose out of the ownership, operation, maintenance, or use of the parked motor vehicle *as a motor vehicle*; and (3) the injury had a causal relationship to the parked motor vehicle that is more than incidental, fortuitous, or but for." *Putkamer v Transamerica Ins Corp of Am*, 454 Mich 626, 635-636; 563 NW2d 683 (1997) (emphasis in original).

The provision at issue here is MCL 500.3106(1)(c), as plaintiff alleged she was injured while entering into her vehicle. The relevant question therefore becomes what constitutes entering into a vehicle. Entry does not exist when a person is merely preparing to enter a vehicle. *King v Aetna Cas and Surety Co*, 118 Mich App 648, 650-651; 325 NW2d 528 (1982). The process of entry begins when a plaintiff has touched or opened his or her car door. *Hunt v Citizens Ins Co*, 183 Mich App 660, 664; 455 NW2d 384 (1990).

In this case, plaintiff had not entered, or begun to enter, her vehicle. Indeed, she was merely preparing to enter her vehicle when she fell. After plaintiff placed her purchases on the front passenger seat of her car, plaintiff closed the driver's side door and walked away. She did not start her car, or leave the door open. Plaintiff had not yet reached her car when she fell, and never touched her car after leaving to return the shopping cart. Clearly, plaintiff intended to enter into her vehicle, but intent to enter a vehicle is insufficient to warrant coverage under MCL 500.3106(1)(c). See *McCaslin v Hartford Accident & Indemnity*, 182 Mich App 419, 422; 452 NW2d 834 (1990), where this Court concluded that "the express language of [MCL 500.]3106(1)(c) does not address the intent of the injured person."

We therefore conclude that as a matter of law, plaintiff had not yet begun entering into her vehicle when she fell. Accordingly, defendant was entitled to summary disposition.

We reverse, and remand for entry of an order granting summary disposition in favor of defendant under MCR 2.116(C)(10). We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Mark T. Boonstra