WILSON v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 128931. Submitted June 2, 1992, at Detroit. Decided September 8, 1992, at 9:30 A.M. Leave to appeal sought.

Tamatha F. Wilson brought an action in the Wayne Circuit Court against League General Insurance Company, seeking no-fault benefits pursuant to a policy issued to her mother, Wanda Henson, a Michigan resident. The plaintiff was injured in Tennessee when she lost control of an automobile she had purchased in Texas while attending college there. The accident occurred while she was driving from Texas to her mother's home in Michigan. The plaintiff had not obtained insurance for the vehicle, was not listed on her mother's policy, and allegedly considered her permanent residence to be with her mother in Michigan. The court, Claudia House Morcom, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. MCL 500.3113(b); MSA 24.13113(b) clearly and unambiguously states that the owner of a vehicle involved in an accident is not entitled to personal protection insurance benefits where security for the payment of such benefits, required by MCL 500.3101; MSA 24.13101, was not in effect at the time of the accident. MCL 257.216; MSA 9.1916 does not provide that the requirements of § 3113(b) are applicable only to cars driven on Michigan highways.

2. Assuming the plaintiff's contention that she is a resident relative of her mother to be true, she cannot be a nonresident for purposes of MCL 500.3102; MSA 24.13102. Therefore, her argument that registration was unnecessary under § 3113(b) because of the provisions of § 3102 must be rejected.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENE-
FITS — FAILURE TO INSURE.

The owner or registrant of a motor vehicle involved in an

REFERENCES

Am Jur 2d, Automobile Insurance §§ 35, 356.

Effect of statutory exclusion, from personal injury protection of no-fault insurance coverage, of owner, registrant, or occupant of uninsured vehicle. 27 ALR4th 176.

accident is precluded from recovery of no-fault personal protection insurance benefits where the security required by §§ 3101 or 3103 of the no-fault act was not in effect with respect to the vehicle at the time of the accident; the section of the Vehicle Code that provides that every motor vehicle, when driven or moved upon a highway, is subject to the registration and certification of title provisions of the code does not limit the requirements of § 3113(b) only to cars driven on Michigan highways (MCL 257.216, 500.3101, 500.3103, 500.3113[b]; MSA 9.1916, 24.13101, 24.13103, 24.13113[b]).

*Logeman, Connors & Bredell, P.C.* (by *Robert E. Logeman* and *Lynn Marie Bredell*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Daniel S. Saylor*), for the defendant.

Before: SAWYER, P.J., and MURPHY and L. P. BORRELLO,* JJ.

MURPHY, J. Plaintiff appeals from an order of the circuit court granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

This action arises from a single-car automobile accident in which plaintiff was severely injured. Plaintiff was at that time attending college in Texas. While in Texas, she purchased a used automobile.[1] She did not obtain insurance for the vehicle.[2]

On July 2, 1988, while driving the car from Texas to her mother's home in Michigan, plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Ownership of the vehicle is undisputed. Plaintiff's attorney acknowledged at oral argument that his client was the owner of the vehicle.

[2] Plaintiff does not dispute that the vehicle was involved in the accident in question, nor does she claim that there was in effect the security required by MCL 500.3101; MSA 24.13101.

lost control of her car in a rainstorm in Tennessee and struck a bridge pillar. She sustained serious injuries.

At the time of the accident, plaintiff's mother, Wanda Henson, was insured by a no-fault insurance policy issued by defendant. Plaintiff was not listed on the policy. Plaintiff, however, allegedly considered her permanent residence to be with her mother in Michigan.

Defendant denied coverage for the accident, and plaintiff filed this action, alleging that she was entitled to no-fault benefits under the policy. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10) on the ground that plaintiff was not entitled to no-fault benefits. The circuit court granted the motion.

Plaintiff contends that she is entitled to no-fault benefits for her injuries pursuant to MCL 500.3111; MSA 24.13111 because she is a resident relative of Wanda Henson. Defendant contends, however, that, even if plaintiff is a resident relative of Ms. Henson, she is precluded from recovery of benefits pursuant to MCL 500.3113; MSA 24.13113, which provides, in pertinent part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> *   *   *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

Thus, if plaintiff was the owner or registrant of the vehicle involved in the accident, and the security required by § 3101 or 3103 was not in effect

with respect to that vehicle, then she is precluded from recovery of personal protection insurance benefits. *Childs v American Commercial Liability Ins Co,* 177 Mich App 589, 592; 443 NW2d 173 (1989); *Laskowski v State Farm Mutual Automobile Ins Co,* 171 Mich App 317, 324; 429 NW2d 887 (1988).

Plaintiff contends, however, that § 3113(b) bars her recovery only if she was required under § 3101 to register, and therefore insure, the vehicle in Michigan. Section 3101 provides, in pertinent part:

(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway. [MCL 500.3101; MSA 24.13101.]

Plaintiff contends that only vehicles operated on the highways in Michigan are subject to the registration and insurance requirements of the Michigan no-fault act because § 216 of the Vehicle Code, MCL 257.216; MSA 9.1916, provides, in pertinent part:

Every motor vehicle . . . , when driven or moved upon a highway, shall be subject to the registration and certificate of title provisions of this act.

Plaintiff also contends that she was not required to register her vehicle until the vehicle had been present in Michigan for thirty days, pursuant to MCL 500.3102; MSA 24.13102, which provides, in pertinent part:

(1) A nonresident owner or registrant of a motor

vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

We reject plaintiff's interpretation of § 3113(b) and MCL 257.216; MSA 9.1916. The Legislature is presumed to have intended the meaning plainly expressed in a statute. If the meaning of statutory language is clear, judicial construction is unnecessary and not permitted. *Rosner v Michigan Mutual Ins Co,* 189 Mich App 229, 231; 471 NW2d 923 (1991).

The language of § 3113(b) clearly and unambiguously states that the owner of a vehicle involved in an accident, where the vehicle had no security required by § 3101 at the time of the accident, is not entitled to personal protection insurance benefits. See *Coffey v State Farm Mutual Automobile Ins Co,* 183 Mich App 723, 730; 455 NW2d 740 (1990); *Childs, supra.* MCL 257.216; MSA 9.1916 does not specifically limit the requirements of § 3113(b) of the no-fault act only to cars driven on Michigan highways. Because the language of § 3113(b) is unambiguous, we will not read additional provisions into the language. Further, to so interpret the language would produce the absurd result that a person who is covered by a no-fault policy in this state could own and fail to insure several other vehicles in other states and still be permitted to recover under the one insurance policy for accidents occurring in the other states involving the vehicles for which security had not been obtained.

We also reject plaintiff's argument that registration was unnecessary under § 3113(b) because of

the provisions of § 3102. Plaintiff contends that she is a resident relative of Wanda Henson, who lives in Michigan. Assuming this to be true, plaintiff cannot then be a nonresident for purposes of MCL 500.3102; MSA 24.13102.

Affirmed.