WITT v AMERICAN FAMILY MUTUAL INSURANCE COMPANY

Docket Nos. 173331, 176070, 176129. Submitted May 21, 1996, at Detroit. Decided October 29, 1996, at 9:10 A.M. Leave to appeal sought.

Mark W. Witt brought an action in the Macomb Circuit Court against American Family Mutual Insurance Company and Allstate Insurance Company, seeking no-fault benefits for an automobile accident that occurred in Michigan when a car owned by the plaintiff's girlfriend, driven by the plaintiff, and insured by Allstate was hit by two cars, one of which was owned by the plaintiff, driven by his girlfriend, and insured by American Family. The plaintiff had obtained the American Family policy in Iowa while there as a resident. American Family was not authorized to write insurance in Michigan, and the American Family policy did not provide for no-fault benefits. The plaintiff alleged that he was an Iowa resident and that American Family was obligated to pay him no-fault benefits as an out-of-state insurer pursuant to MCL 500.3163; MSA 24.13163 and that, if American Family is not so obligated, Allstate was obligated as the insurer of the car he was driving. The court, Mary A. Chrzanowski, J., initially granted summary disposition for American Family, determining that the plaintiff was a Michigan resident at the time of the accident. On reconsideration, the court set aside the order of summary disposition and denied a second motion for summary disposition by American Family. The court also denied summary disposition for Allstate, which had argued that the plaintiff was a Michigan resident and was barred by MCL 500.3113(b); MSA 24.13113(b) from recovering no-fault benefits because he was the owner of a vehicle for which the security required by MCL 500.3101(1); MSA 24.13101(1) was not in effect. American Family and Allstate appealed, and their appeals were consolidated.

The Court of Appeals held:

1. Domicile is resolved as a question of fact by a trial court, and the trial court's determination will not be reversed by the Court of Appeals unless the preponderance of the evidence indicates the opposite conclusion. Here, the evidence concerning the plaintiff's ties to Michigan clearly established that he was a resident of Michigan at the time of the accident. The trial court's initial grant of summary disposition for American Family was correct, and it

abused its discretion in setting aside the order of summary disposition for that insurer.

2. The trial court should have granted Allstate's motion for summary disposition based on MCL 500.3113(b); MSA 24.13113(b) because the plaintiff's car was involved in the accident and the plaintiff was a Michigan resident who failed to insure the car for no-fault coverage as required by MCL 500.3101(1); MSA 24.13101(1).

Reversed.

1. DOMICILE — QUESTIONS OF FACT — APPEAL.

A trial court determines domicile as a question of fact, and its decision will not be reversed by the Court of Appeals unless the preponderance of the evidence indicates the opposite conclusion.

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — UNINSURED VEHICLE OWNERS.

A person is not entitled to personal protection insurance benefits for accidental bodily injury if at the time of the accident the person was the owner of a motor vehicle involved in the accident with respect to which the security required by the no-fault act was not in effect; whether such motor vehicle was involved in the accident is a question of law; there must be an active link between the injury and the use of the motor vehicle as a motor vehicle in order for the vehicle to be deemed involved in the accident (MCL 500.3113[b]; MSA 24.13113[b]).

*Yockey Yockey & Schliem* (by *Edward N. Lynch*), for Mark W. Witt.

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Ronald A. Molter*), for American Family Mutual Insurance Company.

*Law Offices of David E. Field* (by *Michael A. Sawicki*) (*Gross, Nemeth & Silverman, P.L.C.*, by *James G. Gross*, of Counsel) for Allstate Insurance Company.

Before: CORRIGAN, P.J., and MACKENZIE and P. J. CLULO,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. In these consolidated appeals, defendant American Family Mutual Insurance Company appeals by leave granted from an order setting aside an earlier decision to grant summary disposition in its favor, and from an order denying a second motion for summary disposition. Defendant Allstate Insurance Company also appeals by leave granted from an order denying its motion for summary disposition. We reverse.

This case arises out of a three-car accident that occurred on July 12, 1992. Plaintiff Mark W. Witt was driving his girlfriend's car, and his girlfriend was following him in plaintiff's vehicle. An uninsured motorist traveling in the opposite direction crossed the center lane and collided head-on with the car plaintiff was driving. Plaintiff's vehicle, driven by his girlfriend, then struck the car plaintiff was driving. The car owned by plaintiff's girlfriend and operated by plaintiff was insured by Allstate. Plaintiff's vehicle was insured by American. Plaintiff had obtained the American policy in 1990 when he was living with his parents in Iowa and his vehicle remained registered in Iowa. At all relevant times, American was not authorized to write insurance in Michigan. The policy issued to plaintiff did not provide for the payment of no-fault benefits.

After both insurers denied coverage, plaintiff brought this action for benefits. Plaintiff's theory was that he was an Iowa resident and that American was obligated to pay him no-fault benefits as an out-of-state insurer pursuant to MCL 500.3163; MSA 24.13163; if American was not obligated to pay, then Allstate was responsible as the insurer of the automobile he was operating at the time of the accident.

The trial court originally dismissed plaintiff's claim against American because plaintiff was not an Iowa resident at the time of the accident, but later set aside that determination. On appeal, American argues that the trial court abused its discretion in setting aside the original order granting summary disposition in its favor. We agree.

The determination of domicile is a question of fact to be resolved by the trial court, and this Court will not reverse the trial court's determination unless the evidence clearly preponderates in the opposite direction. *Goldstein v Progressive Casualty Ins Co*, 218 Mich App 105, 111; 553 NW2d 353 (1996). In this case, the evidence clearly established that plaintiff was a resident of Michigan, and not Iowa. Plaintiff moved to this state in 1990, and he has since continuously lived and worked here. Plaintiff has been registered to vote in Michigan since 1990, has maintained bank and checking accounts here, and has a Michigan telephone number. Michigan residency is declared in his state and federal income tax returns, and his employment records describe his residence as Michigan. Plaintiff has a Michigan identification card and used it to obtain a Michigan hunting license as a resident. From 1990 to 1992, he spent a total of only two weeks in Iowa, visiting during holidays. He owns no property there, has paid no rent to and received no support from his parents since 1990, has no telephone listing there, and with the exception of a student loan bill sent to his parents' home, all his mail since 1990 has gone to a Michigan mailing address. At his deposition, plaintiff stated that, at the time of the accident, he wanted to work as a "rover," but he had no specific plan to move anywhere else until that opportu-

nity arose. While plaintiff still had an Iowa bank account and driver's license, these factors were, on balance, insufficient to create a genuine issue of fact. See *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675; 333 NW2d 322 (1983); *Workman v DAIIE*, 404 Mich 477; 274 NW2d 373 (1979); *Williams v State Farm Mutual Automobile Ins Co*, 202 Mich App 491; 509 NW2d 821 (1993); *Goldstein, supra.* Plaintiff was a twenty-eight-year-old self-supporting man, and not a resident of his parents' household in Iowa. Under these circumstances, the trial court was correct in originally granting summary disposition in favor of American and abused its discretion in setting aside its previous order.

In its appeal, Allstate contends that the trial court should have granted its motion for summary disposition because as a matter of law plaintiff's motor vehicle was "involved in the accident" within the meaning of MCL 500.3113(b); MSA 24.13113(b). Again, we agree.

Under MCL 500.3113(b); MSA 24.13113(b), a person is not entitled to personal protection insurance benefits if the person was the owner of a vehicle "involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect." The issue whether a vehicle was involved in an accident within the meaning of § 3113(b) has consistently been addressed as one of law. See, e.g., *Heard v State Farm Mutual Automobile Ins Co*, 414 Mich 139; 324 NW2d 1 (1982). *Wright v League General Ins Co*, 167 Mich App 238; 421 NW2d 647 (1988). For a motor vehicle to be involved in an accident, it must actively contribute to the accident. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 38; 528 NW2d 681 (1995). In other

words, there must be an "active link" between the injury and the use of the motor vehicle as a motor vehicle for the vehicle to be deemed "involved in the accident." *Id.*, pp 39, 43. In this case, plaintiff's vehicle, which was being driven by his girlfriend at the time of the accident, broadsided the car plaintiff was driving after that car was hit head-on by another motorist. Having broadsided the car, plaintiff's vehicle was not merely passively involved, but had "an active link with the damage," *id.*, p 43, for purposes of § 3113(b).

As noted by Allstate, plaintiff, as a Michigan resident, was required to register his vehicle in Michigan, MCL 257.216; MSA 9.1916, and was required to maintain no-fault insurance, MCL 500.3101(1); MSA 24.13101(1). Having failed to do so, under § 3113(b) he was not entitled to no-fault benefits. The trial court therefore erred in refusing to grant summary disposition in favor of Allstate.

Finally, American contends that the trial court erred in denying its second motion for summary disposition, which challenged plaintiff's assertion, not raised in his complaint, that he was entitled to coverage under the "Out of State Insurance" clause of the American policy. We agree with American that the court erred in concluding that the applicability of the clause was not yet ripe for consideration. In the absence of any consideration of the substance of American's motion, however, we decline to rule on the merits of that motion. *Bowers v Bowers*, 216 Mich App 491, 495; 549 NW2d 592 (1996).

Reversed.