UNITED SERVICES AUTOMOBILE ASSOCIATION
v MICHIGAN CATASTROPHIC CLAIMS ASSOCIATION

Docket No. 289579. Submitted May 11, 2010, at Lansing. Decided June
22, 2010, at 9:05 a.m.

United Services Automobile Association brought an action in the
Washtenaw Circuit Court against the Michigan Catastrophic
Claims Association, seeking reimbursement for personal protec-
tion insurance benefits it paid to its insured, Raoul Farhat, in
excess of the statutory threshold for indemnification under MCL
500.3104(2). Farhat was injured in an automobile accident in
Florida in 1996. Farhat had moved to Florida from Michigan in
1995. He purchased the vehicle that he was driving at the time of
the accident in Florida, and the vehicle was registered in Florida.
Farhat had requested that plaintiff add the vehicle to his Michigan
no-fault automobile insurance policy, but because of an underwrit-
ing error, the vehicle was inadvertently omitted from Farhat's
insurance policy. After the accident, plaintiff retroactively re-
formed Farhat's insurance policy to include coverage for the
vehicle. In the circuit court, plaintiff moved for summary disposi-
tion. Defendant responded that it was not required to indemnify
plaintiff because plaintiff had failed to make a premium payment
to defendant for the vehicle and because defendant is only required
to indemnify member insurers for losses associated with Michigan
vehicles that are registered in Michigan. The court, Timothy P.
Connors, J., denied plaintiff's motion for summary disposition and
granted summary disposition to defendant, reasoning that because
plaintiff failed to make a premium payment to defendant for the
vehicle involved in the accident during the coverage period before
the accident, plaintiff could not reform the insurance policy to
include the vehicle after the accident in order to be reimbursed by
defendant. Plaintiff appealed.

The Court of Appeals *held*:

1. Indemnification is only required under MCL 500.3104(2)
when no-fault benefits were provided to a Michigan "resident."
For purposes of the no-fault act, a resident is either someone who
lived in Michigan and was required to purchase a no-fault auto-
mobile insurance policy written in this state that provided the

compulsory security requirements of MCL 500.3101(1) or someone who did not live in Michigan but was nonetheless required to register and insure his or her vehicle in this state. The evidence in this case indicated that Farhat intended to live in Florida indefinitely and that the bulk of his permanent connections were in Florida at the time of the accident. Thus, he cannot be deemed a resident on the basis of his domicile. Nor was Farhat required to register the vehicle involved in the accident in Michigan because it was not operated in Michigan. Because plaintiff did not pay benefits pursuant to a policy written in Michigan that provided the required security under MCL 500.3101(1) for a vehicle required to be registered in Michigan, defendant was not required to indemnify plaintiff.

2. Whether plaintiff failed to make a premium payment to defendant for the vehicle involved in the accident during the coverage period before the accident was of no consequence because the threshold requirement for indemnification, that the insured be a resident of Michigan for purposes of the no-fault act, was not met. Nonetheless, the circuit court correctly granted summary disposition in favor of defendant, albeit for the wrong reason.

Affirmed.

*Garan Lucow Miller, P.C.* (by *Caryn A. Gordon*), for plaintiff.

*Dykema Gossett PLLC* (by *Joseph K. Erhardt* and *K. J. Miller*) for defendant.

Before: SHAPIRO, P.J., and JANSEN and DONOFRIO, JJ.

DONOFRIO, J. Plaintiff appeals as of right an order of the circuit court denying its motion for summary disposition and granting summary disposition to defendant. Because the trial court properly concluded, albeit for the wrong reason, that defendant was not required to indemnify plaintiff for personal protection insurance (PIP) benefits over the statutory threshold that plaintiff paid on behalf of its insured, Raoul Farhat, we affirm.

Raoul Farhat, M.D., is a physician who had been an officer in the United States Army and affiliated with the Michigan National Guard. Farhat said that he was licensed to practice medicine in Michigan, Florida, and California. Farhat was in an automobile accident on August 9, 1996, in Florida. Farhat explained that he was driving to work at an emergency room in a Florida hospital in a convertible Chrysler LeBaron when the accident occurred. Farhat stated that he had lived with his ex-wife in Florida from some time in 1995 until the accident, because they were trying to reunite in Florida after their 1993 Michigan divorce. Farhat explained that he owned a residence in Michigan through his mother's trust and that he grew up in Michigan and lived with his wife in Michigan before their divorce.

In December 1995, Farhat insured the LeBaron through his Michigan no-fault automobile insurance policy with plaintiff. According to plaintiff, Farhat had five vehicles insured by plaintiff, but the underwriting department mistakenly omitted the LeBaron from his policy. After the accident, plaintiff retroactively reformed Farhat's insurance policy to include coverage on the LeBaron. After Farhat won a judgment for PIP benefits against plaintiff in the Washtenaw Circuit Court, plaintiff sought to recover from defendant the amount in excess of $250,000 that it paid on behalf of Farhat.

The instant case involves plaintiff's effort to recover those benefits. It is plaintiff's position that Farhat properly insured the LeBaron under Michigan law because Farhat intended to drive the vehicle in Michigan and that Farhat had family and property in Michigan, was licensed to practice medicine in Michigan, and traveled to Michigan for obligations to the military, so defendant was required to reimburse plaintiff for benefits that it paid to Farhat. It is defendant's position

that it is permissible for it to review coverage decisions and that Farhat should not have been insured under a Michigan no-fault policy written by plaintiff for an accident that occurred in Florida involving a vehicle that was both purchased and registered in Florida.

In the trial court, at the hearing on plaintiff's motion for summary disposition, plaintiff stated that it was a member of defendant association and that defendant was required by statute, MCL 500.3104(2), to reimburse plaintiff for benefits that it paid to its insured persons. Plaintiff further argued that the statute does not mention any mechanism for defendant to refuse to reimburse members if defendant determines that a policy was not mandated. Plaintiff represented that it paid $896,106.60 in no-fault benefits to or on behalf of Farhat and that it was entitled to reimbursement from defendant in the amount of $646,106.60. Defendant responded at the hearing that it was not required to reimburse plaintiff because plaintiff failed to make a premium payment to defendant for the vehicle that was involved in the accident. Defendant also argued that the statute provides that it can only reimburse member insurers for losses associated with Michigan vehicles that are registered in Michigan.

The trial court denied plaintiff's motion for summary disposition and granted summary disposition to defendant. The trial court stated that it was following the holding of *Liberty Mut Ins Co v Mich Catastrophic Claims Ass'n*, 248 Mich App 35; 638 NW2d 155 (2001). The trial court reasoned that *Liberty Mut* indicated that if an insurer did not make a premium payment to defendant on a vehicle during the coverage period before it was in an accident, the insurer could not reform the insurance contract to include the vehicle after the accident in order to be reimbursed by defen-

dant.[1] The trial court did not address defendant's argument that it can only reimburse for Michigan vehicles that are registered in Michigan. Plaintiff now appeals as of right.

A trial court's determination of a motion for summary disposition is reviewed de novo. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52; 684 NW2d 320 (2004). When reviewing a motion brought under MCR 2.116(C)(10), the court considers the affidavits, depositions, pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Rose v Nat'l Auction Group*, 466 Mich 453, 461; 646 NW2d 455 (2002). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Defendant association was created by the Legislature in 1978 to respond to concerns that Michigan's no-fault law provision for unlimited PIP benefits placed too great a burden on insurers, particularly small insurers, paying "catastrophic" injury claims. *In re Certified Question (Preferred Risk Mut Ins Co v Mich Catastrophic Claims Ass'n)*, 433 Mich 710, 714; 449 NW2d 660 (1989). MCL 500.3104(1) provides for the creation of the association and requires membership by specified insurers. Defendant's primary purpose is to indemnify member insurers for losses sustained as a result of the payment of PIP benefits beyond the "catastrophic" level, which is established according to a sliding scale depending on the date the policy in question was issued

---

[1] Michigan no-fault insurers that provide the security required by MCL 500.3101(1) must be members of defendant. MCL 500.3104(1). Members of defendant are required to make premium payments to defendant. MCL 500.3104(7)(d). Those premiums are based on the number of car years of insurance that a member writes in Michigan. *Id.* Insurers usually pass this per vehicle assessment on to their policyholders.

or renewed. MCL 500.3104(2); *In re Certified Question*, 433 Mich at 714-715. Defendant "charges each of its members a premium for the coverage it provides, which is based on the number of car years of insurance the member writes in Michigan." *In re Certified Question*, 433 Mich at 716, citing MCL 500.3104(7)(d).

Our Supreme Court in *In re Certified Question* was faced with a very similar situation. The question certified was the following:

> "Does the Motor Vehicle Personal and Property Protection Act, Mich Comp Laws Ann §§ [500.3101 to 500.3179] . . . , require the Michigan Catastrophic Claims Association to indemnify member insurers for losses paid in excess of $250,000 to insureds who are not residents of the State of Michigan but who were injured as a result of an automobile accident occurring in the State of Michigan?" [*Id.* at 713.]

Our Supreme Court held that MCL 500.3104(2) does not require defendant to indemnify its member insurers for losses paid to insureds who are not considered residents of this state. The Court stated that for purposes of the catastrophic claims provisions, "resident" referred to those insureds who actually live within this state and are required to purchase no-fault automobile insurance policies written in this state that provide the compulsory security requirements of MCL 500.3101(1), and also to certain insureds who do not live within this state but are nonetheless required to register, and thus insure, their vehicles in this state. *Id.* at 719-720, 723. Specifically, the Supreme Court held as follows:

> [W]e conclude that [MCL 500.3104(2)] requires indemnification only when the member insurer has paid benefits in excess of $250,000 under a policy which was written in this state to provide the security required by [MCL 500.3101(1)] of the no-fault act for the "owner or registrant of a motor vehicle required to be registered in this

state . . . ." [Defendant], whose policy of restricting indemnification to "residents of this state" is the subject of this dispute, has acknowledged that for purposes of indemnification under [MCL 500.3104(2)] it considers all owners or registrants of motor vehicles required to be registered here to be "resident[s] of the State for purposes of the Act," regardless of whether they actually live within this state.[10] With this acknowledgment in mind, we must conclude, in answering the question as certified, that [defendant] is required to indemnify member insurers only for losses paid to "residents" of this state.

---

[10] In its supplemental brief on appeal, [defendant] acknowledges that there are situations in which persons who do not actually live within this state are nonetheless required to register and insure their vehicles in this state. See, e.g., MCL 257.243(b)-(d) . . . . In such cases, [defendant] concedes, these insureds are "deemed to be" residents of this state by virtue of their purchase of compulsory insurance coverage in this state pursuant to [MCL 500.3101(1)]:

"In assessing the validity of the Michigan-only restriction, the Association urges the Court to focus not on the physical location of the owner/registrant of the motor vehicle, but on whether or not the vehicle is required, because of the state of registration, to maintain security for the payment of Michigan PIP benefits. If the owner or registrant is required to maintain such security, the insurer of the motor vehicle has paid an assessment to the Association on that policy. Indemnification for incurred no-fault losses in excess of $250,000 under the policy is proper. *The owner or registrant, even though physically located outside Michigan, appropriately is deemed a resident of the State for purposes of the Act.*"

---

[*Id.* at 719-720.]

In this case, plaintiff argues that Farhat was required to insure the LeBaron in Michigan because of his activity in the state. Defendant argues that Farhat

could not have been required to register the LeBaron in Michigan and in turn carry no-fault insurance in Michigan and, therefore, Farhat was not a resident. As stated above, our Supreme Court in *In re Certified Question* concluded that defendant is not liable to indemnify all insurance coverage that its members provide, but only that coverage provided to residents according to MCL 500.3101(1). Thus, the question that must be answered in the instant case is whether Farhat was a " 'resident[] of the State for purposes of the Act,' regardless of whether [he] actually live[d] within this state." *Id.* at 719 (citation omitted). In other words, *In re Certified Question* interpreted the plain language of the catastrophic claims provisions as requiring indemnification under MCL 500.3104(2) only when coverage was provided to "owners or registrants of motor vehicles *required to be registered here* . . . regardless of whether they actually live within the state." *Id.* at 719 (emphasis added).

With regard to residency status, this Court has concluded multiple times that a resident of Michigan cannot be a nonresident under the no-fault act. *Farm Bureau Ins Co v Allstate Ins Co*, 233 Mich App 38, 40; 592 NW2d 395 (1998); *Wilson v League Gen Ins Co*, 195 Mich App 705, 710; 491 NW2d 642 (1992). Thus, a critical question is whether Farhat was a Michigan resident; if he was, he was not a nonresident for these purposes, regardless of his connections to Florida.

"Residence" and "domicile" are legally synonymous. *Cervantes v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 410, 414; 726 NW2d 73 (2006). Many factors have been considered with respect to the question of residency, and the determination varies according to the factual circumstances. *Id.* at 414-415. The factors that may be considered include, but are not limited to, the

person's intent; mailing address; the address listed on the person's driver's license, tax returns, and other documents; the location of bank accounts; maintenance of a telephone number; and property ownership. *Id.*; see also *Witt v American Family Mut Ins Co*, 219 Mich App 602, 605-606; 557 NW2d 163 (1996).

Farhat stated that he grew up in Michigan and lived with his wife in Michigan before their 1993 Michigan divorce. But Farhat moved to Florida in an effort to reunite with his ex-wife in 1995. On June 13, 1995, Farhat informed plaintiff that he had moved to Florida. Farhat was working in Florida at the time of the accident. Farhat purchased the LeBaron in Florida, registered it in Florida, obtained Florida license plates for it, and never drove it in Michigan. In June 1996, Farhat called plaintiff to request a homeowner's policy for his Florida home. Also, in June 1996, Farhat updated his billing address to Florida. On the date of the accident, August 9, 1996, Farhat had a Florida driver's license. In early 1997, Farhat claimed a homestead exemption on his Florida home. While Farhat testified that he had a residence in Michigan through his mother's trust and had two cars garaged in Michigan, it appears that Farhat's intent at the time was to live in Florida indefinitely and that the bulk of his permanent connections were in Florida at the time of the accident. We therefore conclude that Farhat was domiciled in Florida and was not a resident of Michigan for purposes of the no-fault act.

Accordingly, we must determine whether Farhat could alternatively be deemed a resident of this state for purposes of the act if his LeBaron was otherwise "required to be registered" in Michigan. *In re Certified Question*, 433 Mich at 719. In order to determine if the LeBaron was

required to be registered in Michigan, we look to the applicable statutory language. MCL 257.216 states as follows:

> Every motor vehicle, recreational vehicle, trailer, semi-trailer, and pole trailer, when driven or moved on a street or highway, is subject to the registration and certificate of title provisions of this act except the following:
>
> (a) A vehicle driven or moved on a street or highway in conformance with the provisions of this act relating to manufacturers, transporters, dealers, or nonresidents.

And MCL 257.243(1) states as follows:

> A nonresident owner, except as otherwise provided in this section, owning any foreign vehicle of a type otherwise subject to registration under this act may operate or permit the operation of the vehicle within this state without registering the vehicle in, or paying any fees to, this state if the vehicle at all times when operated in this state is duly registered in, and displays upon it a valid registration certificate and registration plate or plates issued for the vehicle in the place of residence of the owner.

MCL 257.216(a) and MCL 257.243(1) both discuss when vehicles are required to be registered in this state, and both indicate that nonresident owners are not required to register their motor vehicles in Michigan. Thus, Farhat, as a nonresident owner who had never driven the LeBaron in Michigan, was not required to register it in Michigan under either MCL 257.216(a) or MCL 257.243(1).

Next, we examine the compulsory-insurance requirement of MCL 500.3101(1), which provides in relevant part:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insur-

ance. Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway.

And finally, we consider MCL 500.3102(1), which provides:

A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

Reading MCL 500.3101(1) and MCL 500.3102(1) *in pari materia* with MCL 257.216(a) and MCL 257.243(1), the LeBaron was not required to be registered in Michigan, and because the vehicle was not operated in Michigan, it was not required to be insured in Michigan.

The record reflects that plaintiff conducted an investigation that concluded that "Farhat was residing, working and driving" the LeBaron in Florida on the date of the accident and that the vehicle was registered, titled, and used in Florida. At oral argument before us in this appeal, plaintiff admitted the following facts contained in the record:

• On June 13, 1995, Farhat told USAA he had moved to Florida.

• Farhat purchased the LeBaron in Florida.

• The LeBaron was registered in Florida.

• The LeBaron had Florida license plates.

• The LeBaron was never driven in Michigan.

• Farhat had a Florida driver's license on August 9, 1996.

• The accident occurred in Florida.

• There is no testimony in Farhat's deposition that he had any intention of driving the LeBaron in Michigan.

• There is no testimony in Farhat's deposition that he ever drove the LeBaron in Michigan.

Given these facts, there is no evidence in the record that the LeBaron, which was purchased, registered, titled, and garaged in Florida, was going to be driven in Michigan for any period in 1996 by Farhat, a nonresident who was living and working in Florida. Thus, Farhat's LeBaron was not required to be registered in Michigan. Because Farhat was a nonresident and the LeBaron was not required to be registered in Michigan, MCL 500.3101(1) does not apply. *In re Certified Question*, 433 Mich at 719-720, 723. Defendant need only indemnify an insurer under MCL 500.3104(2) if the insurer paid benefits pursuant to a policy written in Michigan that provided the required security under MCL 500.3101(1) for a vehicle required to be registered in Michigan. *In re Certified Question,* 433 Mich at 719-720, 723. Thus, for all these reasons, we conclude that defendant was not required to reimburse plaintiff.

Our conclusion is further supported by the holding in *Allied Prop & Cas Ins Co v Mich Catastrophic Claims Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued October 16, 2008 (Docket No. 277765).[2] In *Allied Prop & Cas Ins Co*, the Court also applied the reasoning of *In re Certified Question* and likewise determined that defendant was not required to reimburse the plaintiff for an accident in Texas involving an uninsured Texas-registered vehicle because the insured was not required to register his vehicle in Michigan according to MCL 500.3101(1). *Id.* at 3. The *Allied Prop & Cas Ins Co* Court noted the holding of *In re Certified*

---

[2] While we understand that unpublished cases are not binding authority, MCR 7.215(C)(1), we find the reasoning in this similar case instructive.

*Question* in stating that defendant need only indemnify an insurer under MCL 500.3104(2) if the insurer compulsorily paid PIP benefits to residents of the state under MCL 500.3101(1). *Id.*

The trial court in the instant case saw this action differently, resolving it on the basis of the issue whether defendant was required to indemnify plaintiff in light of the fact that plaintiff had reformed its insurance contract with Farhat after the accident. The trial court stated that it was granting summary disposition to defendant because it had to under *Liberty Mut Ins Co*, specifically relying on the following language of *Liberty Mut Ins Co*:

> We conclude that the clear language of the statute does not allow plaintiff to make a premium payment to cover a period from August 1992 through March 1993 five years after the accident and claim occurred and the covered period expired. To allow reformation of an insurance policy and allow the insurer to make a premium payment to [defendant] at the time of reformation, and not during the applicable period of coverage, would be an absurd interpretation of MCL 500.3104. If we were to accept plaintiff's argument, we would set a precedent by which an insurer could withhold premium payments for policyholders who moved to Michigan, then, upon a loss exceeding $250,000, the insurer could simply reform the contract, submit the previously due premium payments, and be reimbursed for claims paid in excess of $250,000. Under that situation, [defendant] would be deprived of premiums for policies on which no claims are made, thus defeating the "spread the risk" concept in insurance. We decline to establish such a precedent. [*Liberty Mut Ins Co*, 248 Mich App at 46-47 (citations omitted).]

In the current case, indeed, Farhat's policy omitted the LeBaron involved in the accident. Farhat's LeBaron was not listed on the policy that plaintiff provided him at the time of Farhat's accident on August 9, 1996. According to plaintiff's own investigation, Farhat re-

quested that the LeBaron be added to his automotive policy after he purchased the vehicle in December 1995, stating that it would be kept and used in Michigan. The vehicle was insured from December 11, 1995, until January 1, 1996. However, plaintiff apparently inadvertently failed to renew the LeBaron's insurance in January 1996 and, thus, the LeBaron was not included on Farhat's automobile insurance policy at the time of the accident. Therefore, Farhat did not pay, and plaintiff did not collect, a premium for the applicable period on the LeBaron and it was not included in plaintiff's premium payment to defendant.

But whether plaintiff did or did not receive the premium required from Farhat is of no consequence for the reason that the threshold requirement is not met—defendant need only indemnify an insurer under MCL 500.3104(2) if the insurer paid benefits pursuant to a policy written in Michigan that provided for the required security under MCL 500.3101(1) for a vehicle *required to be registered* in Michigan. *In re Certified Question*, 433 Mich at 719, 723.[3] We have concluded that, as a matter of law, Farhat's LeBaron was not required to be registered in Michigan and, therefore, MCL 500.3101(1) does not apply and defendant was not required to reimburse plaintiff. *Id.* " 'A trial court's ruling may be upheld on appeal where the right result [was] issued, albeit for the wrong reason.' " *Hess v Cannon Twp*, 265 Mich App 582, 596; 696 NW2d 742 (2005), quoting *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003). The trial court did not

---

[3] Unlike *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n* (On Rehearing), 484 Mich 1; 795 NW2d 101 (2009), which contested the reasonableness of the reimbursement for benefits provided under a policy subject to indemnity, this action is concerned with entitlement to indemnity in the first instance and not the benefits paid. Therefore, *United States Fidelity* is not implicated.

err when it denied plaintiff's motion for summary disposition and granted summary disposition to defendant.

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.