# STATE OF MICHIGAN

# COURT OF APPEALS

---

HOME-OWNERS INSURANCE COMPANY,

        Plaintiff-Appellant/Cross Appellee,

and

AUTO-OWNERS INSURANCE COMPANY,

        Plaintiff,

v

RICHARD JANKOWSKI, and JANET
JANKOWSKI,

        Defendants-Appellees/Cross
        Appellants.

UNPUBLISHED
May 11, 2017

No. 331934
Ingham Circuit Court
LC No. 15-000025-CK

---

Before: GADOLA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

Plaintiff Home-Owners Insurance Company (Home-Owners) appeals the trial court's order that partially granted its motion for summary disposition under MCR 2.116(C)(10). Defendants cross-appeal the same order. We affirm in part, reverse in part, and remand for entry of an order consistent with this opinion.

## I. BASIC FACTS

This personal protection (PIP) insurance case arises out of an automobile accident in Florida. Defendants are residents of Michigan and live in Florida during the colder months. While in Florida in January 2014, defendants traded in one of their vehicles and leased a new Lexus GX460. The GX460 was registered in Florida and insured through a Florida policy. On May 25, 2014, while in Florida, defendants drove their GX460 home from dinner and were struck by a vehicle that went through a red light. Both defendants sustained serious injuries.

-1-

Defendants own two other vehicles in Michigan, both of which were insured by Home-Owners. Defendants also purchased a liability insurance policy through Auto-Owners. Defendants sought PIP benefits from Home-Owners and underinsured motorist benefits (UIM) from Auto-Owners.[1]

The trial court found that Mr. Jankowski could not recover PIP benefits because he was an owner of the vehicle and was precluded from coverage because the vehicle did not carry Michigan PIP insurance. The trial court determined that Mrs. Jankowski was not precluded from PIP benefits because she was not an owner or an "owner by use."

## II. ANALYSIS

On appeal, Home-Owners argues that Mrs. Jankowksi was an "owner by use" and was therefore precluded from PIP benefits because an owner must carry Michigan PIP insurance on the vehicle involved in the accident. We agree.

This Court "reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The Court in *Maiden* explained:

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id.*]

"[A]ll reasonable inferences are resolved in the nonmoving party's favor." *Hampton v Waste Mgmt of Mich, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999). This Court also reviews de novo "the interpretation and application of a statute as a question of law." *Boyle v Gen Motors Corp*, 468 Mich 226, 229; 661 NW2d 557 (2003).

Under MCL 500.3111,

[p]ersonal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection

---

[1] It appears that the parties agreed at the trial court that the policy purchased by defendants through Auto-Owners did not provide underinsured motorist benefits (UIM).

insurance policy or has provided security approved by the secretary of state under subsection (4) of section 3101.

However, a person is excluded from receiving PIP benefits if, at the time of the accident, that person "was the *owner* or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 . . . was not in effect." MCL 500.3113(b) (emphasis added).

MCL 500.3101(2)(k)(*i*) defines "owner" as "[a] person renting a motor vehicle or *having the use* of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." Importantly, there may be "multiple owners of a motor vehicle." *Ardt v Titan Ins Co*, 233 Mich App 685, 691; 593 NW2d 215, 218 (1999). In *Ardt*, the Court held that "'having the use' of a motor vehicle for purposes of defining 'owner,' means using the vehicle in ways that comport with concepts of ownership." *Id*. at 690 (citation omitted). The *Ardt* Court continued:

> The provision does not equate ownership with any and all uses for thirty days, but rather equates ownership with "having the use" of a vehicle for that period. Further, we observe that the phrase "having the use thereof" appears in tandem with references to renting or leasing. These indications imply that ownership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another. [*Id*. at 690-691.]

"[I]t is not necessary that a person actually have used the vehicle for a thirty-day period before a finding may be made that the person is the owner. Rather, the focus must be on the nature of the person's right to use the vehicle." *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004).

Here, the undisputed testimony of defendants was that Mrs. Jankowski was allowed to drive the GX460 for the entire time period between January and May. Mrs. Jankowski stated that she had her own set of keys and that she did not need to ask permission to use the vehicle. Mr. Jankowski also acknowledged that Mrs. Jankowski did not need to ask permission to use the GX460. These facts establish that Mrs. Jankowski's rights to the GX460 were consistent with that of an owner and that she had this right for a period of longer than 30 days. Therefore, we hold that Mrs. Jankowski was an "owner" of the vehicle under MCL 500.3113(b), and the trial court erred when it ruled otherwise. As such, Mrs. Jankowski is barred from recovering any PIP benefits because the GX460 lacked the necessary security. MCL 500.3113(b).

On cross-appeal, defendants argue that, because the vehicle involved in the accident was never driven in Michigan, it was not required to be registered in Michigan, and thus was not required to carry the security required in MCL 500.3101(1). Defendants claim that the Motor Vehicle Code, MCL 257.1 *et seq.*, shows that only those vehicles that are to be driven in Michigan are required to have security under the no-fault act.

Defendants' reliance on MCL 257.216 and the preamble to the Motor Vehicle Code is misplaced.[2] As already explained, the plain language of the no-fault act precludes a vehicle's owner from collecting PIP benefits if the vehicle was not covered under a Michigan no-fault policy. MCL 500.3113(b). Accordingly, if a party "was the owner or registrant of the vehicle involved in [an] accident, and the security required" by MCL 500.3101 "was not in effect with respect to that vehicle, then [he or she] is precluded from recovery" of PIP benefits. *Wilson v League Gen Ins Co*, 195 Mich App 705, 707-708; 491 NW2d 642 (1992). Construing MCL 500.3113(b) and MCL 500.3101(1), the Court in *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 39; 748 NW2d 574 (2008) stated, "The statutory language links the required security or insurance solely to the vehicle."

The *Wilson* Court expressly rejected defendants' view and explained:

> [MCL 257.216] does not specifically limit the requirements of § 3113(b) of the no-fault act only to cars driven on Michigan highways. Because the language of § 3113(b) is unambiguous, we will not read additional provisions into the language. Further, to so interpret the language would produce the absurd result that a person who is covered by a no-fault policy in this state could own and fail to insure several other vehicles in other states and still be permitted to recover under the one insurance policy for accidents occurring in the other states involving the vehicles for which security had not been obtained. [*Wilson*, 195 Mich App at 709.]

Defendants also raise other arguments that are not preserved for appeal. This Court "need not address an unpreserved issue." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 387; 803 NW2d 698 (2010). However, we may "overlook preservation requirements when the failure to consider an issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. Defendants' unpreserved arguments lack merit, so we are not convinced that defendants can circumvent the prohibition against recovering PIP benefits in MCL 500.3113(b). Accordingly, we decline to address the arguments.

---

[2] MCL 257.216 states that "[e]very motor vehicle, recreational vehicle, trailer, semitrailer, and pole trailer, when driven or moved on a street or highway, is subject to the registration and certificate of title provisions of this act . . . ." And the preamble to the Michigan Vehicle Code states, "AN ACT to provide for the registration, titling, sale, transfer, and regulation of certain vehicles operated upon the public highways of this state or any other place open to the general public or generally accessible to motor vehicles and distressed vehicles . . . ." 300 PA 1949.

Affirmed in part, reversed in part, and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction. Home-Owners, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Henry William Saad