*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD R. ELLIS,

        Plaintiff-Appellant,

v

ANESTI BELLO and USAA GENERAL
INDEMNITY COMPANY,

        Defendants-Appellees.

UNPUBLISHED
June 11, 2019

No. 342770
Wayne Circuit Court
LC No. 17-004396-NI

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

In this action for personal protection insurance benefits (PIP benefits) under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right from an order granting summary disposition in favor of defendant Anesti Bello. On appeal, plaintiff primarily challenges an earlier order granting summary disposition in favor of defendant USAA General Indemnity Company (USAA). We affirm.

Plaintiff was in the United States Army from 2010 through 2014, and was stationed at Fort Drum, New York. While stationed at Fort Drum, plaintiff bought a Dodge Charger, registered the vehicle in New York, and obtained a New York automobile insurance policy through USAA. In July 2014, plaintiff was honorably discharged from the United States Army, joined the National Guard, and moved to Michigan. Plaintiff brought his vehicle to Michigan, although the vehicle continued to be registered in New York and remained insured under the New York policy. At some point, plaintiff changed his mailing address with USAA. USAA sent a letter confirming the change in mailing addresses to plaintiff, and requested that he change his identified vehicle location, which plaintiff did not do. USAA continued to send renewal documents for plaintiff's New York insurance policy to his Michigan address. In March 2016, plaintiff was involved in a car accident with Bello.

Plaintiff filed a complaint asserting a claim for PIP benefits against USAA and a third-party automobile negligence claim against Bello. The trial court granted summary disposition in

favor of USAA because plaintiff failed to obtain a Michigan no-fault insurance policy. The trial court then granted summary disposition in favor of Bello, in reliance on its earlier ruling.

Plaintiff argues that the trial court erred when it determined that plaintiff did not have a valid no-fault insurance policy because USAA was obligated to provide an insurance policy that complied with the no-fault act. We disagree.

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). The trial court granted summary disposition pursuant to MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "[T]he circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Additionally, [i]ssues of statutory construction are questions of law, which [this Court] review[s] de novo. Likewise, this Court reviews de novo, as a question of law, the construction and interpretation of an insurance contract[.]" *Lewis v Farmers Ins Exch*, 315 Mich App 202, 209; 888 NW2d 916 (2016) (quotation marks and citations omitted; alterations in original).

Under the no-fault act, "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." MCL 500.3101(1). However, "[a] person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . [t]he person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect." MCL 500.3113(b). Although plaintiff argues that his USAA policy should be treated as a no-fault insurance policy satisfying the requirements of MCL 500.3101, it is undisputed that plaintiff had a New York insurance policy, not a Michigan no-fault insurance policy, at the time of the accident. It is also undisputed that plaintiff was a Michigan resident and that his vehicle was registered in New York. Because plaintiff was a Michigan resident at the time of the accident, he was required to maintain no-fault insurance and register his vehicle in Michigan. *Witt v American Family Mut Ins Co*, 219 Mich App 602, 607; 557 NW2d 163 (1996), citing MCL 500.3101(1), and MCL 257.216. Having failed to do so, plaintiff was not entitled to no-fault benefits. MCL 500.3113(b); *Witt*, 219 Mich App at 607.

Plaintiff argues that USAA may nonetheless be required to pay no-fault benefits because USAA knew that plaintiff was a Michigan resident and still issued plaintiff a New York insurance policy. In *Farm Bureau Ins Co v Allstate Ins Co*, 233 Mich App 38, 43-44; 592 NW2d 395 (1998), Allstate issued an Indiana insurance policy to its insured, based on the insured's use of an Indiana address, although the insured was a Michigan resident. This Court determined that

Allstate did not violate MCL 500.3012[1] by issuing an Indiana insurance policy because there was no evidence that Allstate "should have known that [the insured] was a Michigan resident." *Id*. at 41. Accordingly, Allstate had no obligation to provide an insurance policy that complied with the Michigan no-fault act. *Id*. at 43.

Like the dissent in *Farm Bureau*, *id*. at 49 (GRIFFIN, J., dissenting), plaintiff cites *Blakeslee v Farm Bureau Mut Ins Co of Mich*, 388 Mich 464, 474; 201 NW2d 786 (1972), for the proposition that insurance policies that are at odds with the no-fault act must be reformed to comply with the no-fault act. In *Blakeslee*, 388 Mich at 469-474, the Supreme Court considered whether an insurer could enforce a contract provision that limited recovery of uninsured motorist benefits when another insurance policy was applicable to the same loss and the provision worked to reduce the insurer's liability below the then statutorily required uninsured motorist threshold. The Court concluded that the limiting provision was unenforceable in light of the clear purpose and mandatory language of the statute requiring minimum uninsured motorist insurance protection. *Id*. at 474. Thus, where a no-fault insurance contract attempted to reduce the coverage required by statute, the required coverage would be read into the policy. *Id*. The *Farm Bureau* majority distinguished *Blakeslee* on the basis that the *Blakeslee* insurer was purporting to provide a Michigan no-fault policy, while Allstate's insured had clearly procured an Indiana automobile insurance policy. *Farm Bureau*, 233 Mich App at 42-43 (opinion of the Court). Therefore, it refused to construe *Blakeslee* "as requiring an insurance policy issued in good faith by an insurer outside this state to a person who provides no indication to the insurer of being a Michigan resident as if it were a Michigan no-fault insurance policy." *Id*.

In this case, USAA provided plaintiff with a New York insurance policy, covering a New York registered vehicle, while plaintiff was a New York resident. An insurance provider violates MCL 500.3012 when the insurance provider knew or should have known that an insured was a Michigan resident or when the insurance policy purports to comply with the Michigan no-fault-act, yet issues a policy failing to satisfy the minimum requirements of the no-fault act. *Id*. at 42 ("Simply put, the Indiana insurance policy issued by Allstate in this case was not issued 'in violation of' the no-fault act because Allstate neither purported to issue a policy that complied with Michigan's no-fault act nor knew that it was dealing with a Michigan resident."). USAA

---

[1] MCL 500.3012 states:

Such a liability insurance policy issued in violation of sections 3004 through 3012 shall, nevertheless, be held valid but be deemed to include the provisions required by such sections, and when any provision in such policy or rider is in conflict with the provisions required to be contained by such sections, the rights, duties and obligations of the insured, the policyholder and the injured person shall be governed by the provisions of such sections: Provided, however, That the insurer shall have all the defenses in any action brought under the provisions of such sections that it originally had against its insured under the terms of the policy providing the policy is not in conflict with the provisions of such sections.

did not violate MCL 500.3012 because USAA provided a New York insurance policy while plaintiff resided in New York and sought insurance required by the laws of that state.

Plaintiff argues that USAA knew he was a Michigan resident at the time of the accident because he previously changed his mailing address for the insurance policy to a Michigan address. An insured has an obligation to read his or her insurance policy and to raise any questions within a reasonable time after the policy is issued. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 394-395; 729 NW2d 277 (2006). "Consistent with this obligation, if the insured has not read the policy, he or she is nevertheless charged with knowledge of the terms and conditions of the insurance policy." *Id*. at 395. Plaintiff argues that his vehicle was principally garaged in Michigan, and under MCL 500.3009(1)[2], USAA was required to provide a no-fault insurance policy. However, the renewal declaration page of plaintiff's insurance policy states: "The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated." Underneath this statement, the declarations page says, "VEH 01 FORT DRUM NY 13602-0000."[3] Accordingly, plaintiff is charged with knowing that despite his Michigan mailing address, USAA identified plaintiff's vehicle as principally garaged in New York. Because MCL 500.3009(1), by its plain language, only governs policies concerning "any motor vehicle registered or principally garaged in this state," it does not apply.

Plaintiff's New York insurance policy also stated that "[p]olicyholders moving from NYS [New York State] must coordinate the surrender of NYS license plates and cancellation of a NYS insurance policy with obtaining a new registration and insurance policy in another state." Plaintiff failed to comply with this provision by moving to Michigan in 2014 without ever changing his vehicle registration or insurance policy before the subject motor vehicle accident occurred in 2016.

---

[2] MCL 500.3009(1) states:

> An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless the liability coverage is subject to all of the following limits:
>
> (a) A limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any 1 accident.
>
> (b) Subject to the limit for 1 person in subdivision (a), a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.
>
> (c) A limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident.

[3] Above the statement, "VEH 01" is identified as the Dodge Charger involved in plaintiff's motor vehicle accident.

-4-

The trial court properly granted USAA's and Bello's motions for summary disposition because plaintiff was a Michigan resident, did not register his vehicle in Michigan, and did not obtain Michigan no-fault insurance. USAA did not violate MCL 500.3012 because it issued a New York insurance policy to plaintiff while he was a New York resident. Moreover, plaintiff's insurance policy required him to cancel his New York insurance policy and vehicle registration when he moved outside of New York and obtain a new insurance policy in Michigan, which plaintiff failed to do.

Plaintiff argues that the New York insurance policy should be reformed into a Michigan no-fault insurance policy on the basis of mutual mistake. "Michigan courts sitting in equity have long had the power to reform an instrument that does not express the true intent of the parties as a result of fraud, mistake, accident, or surprise." *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 371-372; 761 NW2d 353 (2008). "To obtain reformation, a plaintiff must prove a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence." *Casey*, 273 Mich App at 398. "A unilateral mistake is not sufficient to warrant reformation." *Id*. Plaintiff fails to demonstrate a material question of fact as to whether a mutual mistake was made. Although plaintiff informed USAA of his new mailing address in Michigan, plaintiff failed to take any additional steps to change the location of his vehicle with USAA, or to register his vehicle in Michigan. USAA believed that plaintiff's vehicle was located in New York because plaintiff did not seek to alter or transfer his New York insurance policy and the vehicle remained registered in New York. Any alleged mistake was solely plaintiff's mistake, and therefore, there is no basis to reform the insurance policy.

Plaintiff also argues that the trial court erred when it refused to consider his supplemental response to USAA's motion for summary disposition. The trial court did not accept the supplemental brief because it was untimely filed and submitted contrary to the court rules. "This Court reviews for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order." *Kemerko Clawson, LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). The trial court abuses its discretion when it reaches a decision falling outside the range of reasonable and principled outcomes. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018).

The trial court entered a scheduling order that required plaintiff to file a response to USAA's motion for summary disposition by November 8, 2017. Plaintiff filed his supplemental response on November 14, 2017. Under MCR 2.119(A)(2)(b), "[e]xcept as permitted by the court or as otherwise provided in these rules, no reply briefs, additional briefs, or supplemental briefs may be filed." Plaintiff argues that the trial court abused its discretion when it declined to consider the supplemental response because the transcript from the deposition of USAA's underwriter was not available until the day after plaintiff filed his response to USAA's motion for summary disposition. However, plaintiff cited to the underwriter's deposition testimony in the initial response and stated that the deposition would be filed when it was transcribed. Moreover, USAA attached the deposition transcript to its summary disposition reply brief so the trial court had it before denying plaintiff's dispositive motion. Because plaintiff filed the supplemental response without leave from the court and, in any event, the trial court had the full deposition transcript, the trial court's decision to reject plaintiff's supplemental response was not outside the range of principled outcomes.

Although plaintiff primarily argues on appeal that the trial court erred when it granted USAA's motion for summary disposition, we note that the trial court properly granted Bello's motion for summary disposition as well.[4]  MCL 500.3135(2)(c) provides that "[d]amages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred."  Again, plaintiff did not have a Michigan no-fault insurance policy as required by MCL 500.3101, and plaintiff is not entitled to reform his New York insurance policy into a Michigan no-fault insurance policy because there was no mutual mistake.  Accordingly, plaintiff was not entitled to recover noneconomic losses arising from Bello's alleged negligence, and summary disposition in favor of Bello was proper.

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica

---

[4] Bello argues that the law of the case required the trial court to grant his motion for summary disposition because the trial court had previously determined that plaintiff did not have a valid no-fault insurance policy.  Bello's argument is mistaken to the extent that the law-of-the-case doctrine only applies to prior appellate court decisions, not prior trial court decisions.  See *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000) (stating that, under the law-of-the-case doctrine, "an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals.").