*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GUARDIANSHIP OF DAVID P. VANPOPPELEN.

|  |  |
|---|---|
| DENNIS J. VANPOPPELEN, | UNPUBLISHED |
| Petitioner, | February 24, 2022 |
| and | |
| IVY S. VANPOPPELEN, | |
| Appellant, | |
| v | No. 353319 |
| | Macomb Probate Court |
| SHANE CHILDERS, Successor Guardian for DAVID P. VANPOPPELEN, | LC No. 2017-223825-GA |
| Appellee. | |

-1-

*In re* CONSERVATORSHIP OF DAVID P. VANPOPPELEN.

VINCENT W. VANPOPPELEN,

      Petitioner,

and

IVY S. VANPOPPELEN,

      Appellant,

v

SHANE CHILDERS, Successor Conservator for DAVID P. VANPOPPELEN,

      Appellee.

No. 353320
Macomb Probate Court
LC No. 2017-223826-CA

*In re* CONSERVATORSHIP OF DAVID P. VANPOPPELEN.

VINCENT W. VANPOPPELEN,

      Petitioner,

and

IVY S. VANPOPPELEN,

      Appellant,

v

SHANE CHILDERS, Successor Conservator for DAVID P. VANPOPPELEN, WYATT R. VANPOPPELEN, and JUNE VANPOPPELEN,

      Appellees.

No. 356664
Macomb Probate Court
LC No. 2017-223826-CA

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

In case nos. 353319 and 353320, appellant, Ivy S. VanPoppelen, appeals as of right the orders of the probate court appointing Shane Childers as successor guardian and successor conservator of appellant's father, David P. VanPoppelen. In case no. 356664, appellant claims an appeal of the probate court's March 1, 2021 order denying appellant's motion for restitution and awarding David's former guardian and conservator, Martin Brosnan, attorney fees and costs in the amount of $2,670 as a sanction for appellant filing a frivolous motion. We affirm in part and remand for further proceedings.

## I. FACTS

These consolidated appeals arise from the probate court's appointment of a guardian and conservator of David P. VanPoppelen. Appellant, her brother Wyatt VanPoppelen, and their mother June VanPoppelen (the VanPoppelen family) oppose the appointment of the guardian and conservator, and contend that if appointment of a guardian and conservator is necessary, appellant and Wyatt are entitled to be appointed to those roles.

Appellant and Wyatt are the adult children of David and June. David and June divorced in 2014, after which June remained in the marital home. In 2016, David began to show signs of early onset dementia. He moved back to the marital home with June, who became his caregiver. June helped David apply for disability benefits and manage his medical treatment, and David granted June power of attorney.

In 2017, two of David's brothers, Dennis and Vincent VanPoppelen, petitioned in the probate court for appointment as David's guardian and conservator, respectively. In response, June and appellant filed petitions seeking appointment as David's guardian, and Wyatt filed a petition seeking appointment as David's conservator. Following an evidentiary hearing, the probate court appointed Martin J. Brosnan, a public administrator, as David's guardian and conservator. Although appellant and Wyatt had statutory priority for appointment, the probate court found that appellant and Wyatt were not suitable as fiduciaries because they were young (June then age 19, Wyatt then age 26), inexperienced, and susceptible to June's influence. The probate court also nullified June's power of attorney, finding that David had lacked the mental capacity to grant it.

Appellant appealed to this Court challenging the probate court's order appointing Brosnan. This Court vacated the probate court's order, concluding that the probate court record was insufficient to support the finding that appellant's and Wyatt's youth and inexperience rendered them unsuitable for appointment as David's guardian and conservator. This Court remanded the matter to the probate court for further consideration of the children's suitability to serve as guardian and conservator of their father. *In re VanPoppelen*, unpublished per curiam opinion of the Court of Appeals, issued December 4, 2018 (Docket Nos. 340224, 340226), p 8-9. This Court also concluded that the probate court did not err by finding that David had lacked the mental capacity to validly grant power of attorney to June. *Id*. at 6-7.

-3-

On remand, the probate court issued expanded findings of fact, again concluded that appellant and Wyatt were unsuitable to serve as guardian and conservator, and again appointed Brosnan as David's guardian and conservator. Appellant and Wyatt appealed the probate court's order. This Court affirmed the order appointing Brosnan as David's guardian and conservator, finding that the record supported the probate court's expanded findings that appellant and Wyatt were not suitable to serve as guardian and conservator. *In re VanPoppelen*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2020 (Docket Nos. 347977, 347978).

Meanwhile, in March 2019, Brosnan petitioned the probate court for authorization to partition real property that David and Vincent jointly owned in Pentland Township, Luce County. The property consisted of six contiguous parcels with a total size of 110 acres; the petition sought to divide the 110 acres with David and Vincent each receiving approximately 55 acres. The probate court granted the petition. Brosnan and Vincent executed quitclaim deeds to divide the property, and the deeds were filed with the Luce County Register of Deeds.

Thereafter, Brosnan submitted to the probate court an account of David's assets for the period of August 25, 2018 to August 24, 2019. The VanPoppelen family filed objections to the account, challenging various aspects of the report including the balance of an investment account, the amounts paid to paralegals and bookkeepers, and the amounts received from the sale of two parcels of real property in Canada that David co-owned with Vincent. By order dated March 9, 2020, the probate court allowed the account.

In February and March, 2020, Brosnan filed petitions to modify the guardianship and conservatorship, requesting to be released from the appointments on the basis that his relationship with appellant, Wyatt, and June had broken down. Brosnan asserted that difficulties with the VanPoppelen family, including the family's objections to the accounting, prevented him from effectively performing his duties. The VanPoppelen family responded by challenging Brosnan's performance as a fiduciary and alleging various inaccuracies in the reporting of David's assets. The VanPoppelen family requested that the probate court dissolve the guardianship and conservatorship or appoint appellant and Wyatt to those roles. The probate court granted Brosnan's petitions and permitted him to resign, and appointed attorney Shane Childers as David's successor guardian and conservator. Appellant appealed the orders of the probate court appointing Shane Childers as David's successor guardian and conservator (case nos. 353319 and 353320).

Brosnan filed an account of David's assets for the period of August 25, 2019 to March 9, 2020, and another account for the period of March 10, 2020 to July 15, 2020.[1] The VanPoppelen family filed objections to the accountings challenging the accuracy of the amounts represented. The probate court entered orders allowing the accounts.

The VanPoppelen family thereafter moved for an order of restitution to be imposed against Brosnan, asserting that Brosnan caused David's investment accounts to lose value in the amount of $129,456.97. The VanPoppelen family argued that David's assets should have been placed in investments protected from stock market volatility, and that losses to David's account when the

---

[1] Childers asserts that the COVID-19 stay-at-home mandates prevented Brosnan from transferring responsibility for David's assets to Childers until July 15, 2020.

stock market declined sharply in March 2020 were due to Brosnan's negligent management. Brosnan argued that the motion was improper and frivolous, that the VanPoppelen family lacked standing to bring the motion because Brosnan owed them no duty under the conservatorship, and that their claims were barred by res judicata and collateral estoppel because the probate court already had resolved their objections to the accountings in its previous orders. Brosnan requested imposition of a sanction against the VanPoppelen family in the amount of $2,670. The probate court found that the VanPoppelen family lacked standing to bring the motion, and that the motion was barred by res judicata and collateral estoppel because the court already had allowed Brosnan's accounts. By order dated March 1, 2021, the probate court granted Brosnan's request for sanctions in the amount of $2,670 on the basis that the motion was frivolous. On March 19, 2021, appellant claimed an appeal to this Court of the probate court's March 1, 2021 order (case no. 356664).

Shortly before the probate court issued the order imposing sanctions, on February 26, 2021, the VanPoppelen family moved for correction of the 2019 division of the 110 acres located in Pentland Township, after learning that the Pentland Township tax assessor's records listed David as the owner of only 30 acres instead of the nearly 55 acres he should have received in the partition. The VanPoppelen family believed that Vincent and Brosnan wrongly executed deeds that failed to convey David's rightful share of the real property. They requested that the probate court issue an order requiring Brosnan to correct the error at his own expense. The VanPoppelen family also moved to terminate the conservatorship and guardianship or, in the alternative, to appoint appellant and Wyatt to these roles.

Childers confirmed to the probate court that the Pentland Township tax assessor's records incorrectly listed Vincent as the owner of 80.36 acres, and David as the owner of 30 acres, and that the error appeared to be attributable to incomplete tax parcel identification numbers on the two quitclaim deeds that Brosnan and Vincent had executed to divide the 110-acre parcel. After learning of the VanPoppelen family's motion for correction, Childers consulted Brosnan, who assured Childers that the parcels were properly partitioned in accordance with the court's order and provided Affidavits of Scrivener's Error stating that the Tax Parcel Identification numbers on the deeds were incomplete, but the deeds stated the correct property descriptions. Childers informed the probate court that he also had consulted Krystal Bertram, a senior title examiner at Transnation Title Agency, to investigate the legal descriptions in the quitclaim deeds and that Bertram found that the deeds accurately conveyed 54.87 acres to David. Childers also informed the probate court that he had learned that he should apply to the Township for a parcel split or boundary adjustment to correct the tax roll inaccuracies.

The VanPoppelen family rejected Childers's explanation of a scrivener's error; they requested the probate court order a survey of the property and also order Vincent to tender a new quitclaim deed granting David his rightful share of the 110 acres. Brosnan responded that the VanPoppelen family's motion should be dismissed because the family members lacked standing to bring a motion on David's behalf, and that the motion was barred by res judicata and collateral estoppel because the land division was previously approved by the probate court. Brosnan requested that the VanPoppelen family again be ordered to pay sanctions in the amount of $2,670, on the ground that their motion was frivolous.

At the hearing on the motion held May 24, 2021, Wyatt informed the probate court that the error was in the quitclaim deed, as well as in the tax assessor's records. Childers acknowledged

that although the deeds had the correct description they listed incorrect tax parcel identification numbers, causing the inaccurate tax rolls. The probate court determined that the tax roll discrepancy was a simple error that would be resolved when the tax assessor's records were updated, and further found that the VanPoppelen family lacked standing to bring the motion and that the trial court had previously determined this issue. The probate court allowed the VanPoppelen family the option of paying for a survey to verify that the deeds actually conveyed to David his full share, but they declined that option. The probate court also found that the VanPoppelen family's motion was frivolous and by order dated May 25, 2021, again awarded Brosnan attorney fees and costs of $2,670 as a sanction for the frivolous motion. The probate court also denied the VanPoppelen family's request that the conservatorship and guardianship be dissolved, concluding that the family's frivolous motions demonstrated that the family lacked the level of sophistication necessary to manage David's finances.

The VanPoppelen family thereafter filed an objection to Childers's first annual accounting, asserting that the Pentland Township tax records now listed Vincent as a co-owner of David's 55 acres. The probate court overruled the family's objections and deemed them frivolous on grounds of res judicata. On June 3, 2021, the probate court ordered the VanPoppelen family to pay Childers $175 in attorney fees, and issued an order allowing Childers's amended first annual account.

This Court consolidated the three appeals into the matter now before this Court. *In re VanPoppelen*, unpublished order of the Court of Appeals, entered August 24, 2021 (Docket Nos. 353319, 353320, 356664).

## II. DISCUSSION

### A. APPOINTMENT OF SUCCESSOR GUARDIAN AND CONSERVATOR

Appellant contends that the probate court erred by appointing Childers as David's successor guardian and conservator instead of appointing appellant and/or Wyatt to those roles in accordance with their statutory priority for appointment. We review the probate court's dispositional rulings for an abuse of discretion and review the probate court's underlying factual findings for clear error. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). Specifically, we review a probate court's appointment or removal of a fiduciary for an abuse of discretion. *In re Conservatorship of Shirley Bittner*, 312 Mich App 227, 235; 879 NW2d 269 (2015). A probate court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes. *In re Gerstler*, 324 Mich App 494, 507; 922 NW2d 168 (2018). A factual finding is clearly erroneous if this Court is left with a definite and firm conviction that the probate court has made a mistake, even if there is evidence to support the finding. *In re Conservatorship of Brody*, 321 Mich App 332, 336; 909 NW2d 849 (2017). We review de novo questions of statutory interpretation. *In re Portus*, 325 Mich App at 381.

Under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, the probate court "may appoint a guardian if the court finds by clear and convincing evidence both that the individual for whom a guardian is sought is an incapacitated individual and that the appointment is necessary as a means of providing continuing care and supervision of the incapacitated individual . . . ." MCL 700.5306(1). MCL 700.5313 establishes priority for the appointment of guardians and provides, in relevant part:

(2) In appointing a guardian under this section, the court shall appoint a person, if suitable and willing to serve, in the following order of priority:

(a) A person previously appointed, qualified, and serving in good standing as guardian for the legally incapacitated individual in another state.

(b) A person the individual subject to the petition chooses to serve as guardian.

(c) A person nominated as guardian in a durable power of attorney or other writing by the individual subject to the petition.

(d) A person named by the individual as a patient advocate or attorney in fact in a durable power of attorney.

(3) If there is no person chosen, nominated, or named under subsection (2), or if none of the persons listed in subsection (2) are suitable or willing to serve, the court may appoint as a guardian an individual who is related to the individual who is the subject of the petition in the following order of preference:

(a) The legally incapacitated individual's spouse. This subdivision shall be considered to include a person nominated by will or other writing signed by a deceased spouse.

(b) An adult child of the legally incapacitated individual.

(c) A parent of the legally incapacitated individual. This subdivision shall be considered to include a person nominated by will or other writing signed by a deceased parent.

(d) A relative of the legally incapacitated individual with whom the individual has resided for more than 6 months before the filing of the petition.

(e) A person nominated by a person who is caring for the legally incapacitated individual or paying benefits to the legally incapacitated individual.

(4) If none of the persons as designated or listed in subsection (2) or (3) are suitable or willing to serve, the court may appoint any competent person who is suitable and willing to serve, including a professional guardian as provided in section 5106.

A probate court may appoint a conservator if a person is "unable to manage property and business affairs effectively" for reasons including "mental illness, mental deficiency, physical illness or disability" and the "individual has property that will be wasted or dissipated unless proper management is provided, or money is needed for the individual's support, care, and welfare or for those entitled to the individual's support, and that protection is necessary to obtain or provide money." MCL 700.5401(3). MCL 700.5409 establishes priority in the appointment of conservators and provides:

(1) The court may appoint an individual, a corporation authorized to exercise fiduciary powers, or a professional conservator described in section 5106 to serve as conservator of a protected individual's estate. The following are entitled to consideration for appointment in the following order of priority:

(a) A conservator, guardian of property, or similar fiduciary appointed or recognized by the appropriate court of another jurisdiction in which the protected individual resides.

(b) An individual or corporation nominated by the protected individual if he or she is 14 years of age or older and of sufficient mental capacity to make an intelligent choice, including a nomination made in a durable power of attorney.

(c) The protected individual's spouse.

(d) An adult child of the protected individual.

(e) A parent of the protected individual or a person nominated by the will of a deceased parent.

(f) A relative of the protected individual with whom he or she has resided for more than 6 months before the petition is filed.

(g) A person nominated by the person who is caring for or paying benefits to the protected individual.

(h) If none of the persons listed in subdivisions (a) to (g) are suitable and willing to serve, any person that the court determines is suitable and willing to serve.

(2) A person named in subsection (1)(a), (c), (d), (e), or (f) may designate in writing a substitute to serve instead, and that designation transfers the priority to the substitute. If persons have equal priority, the court shall select the person the court considers best qualified to serve. Acting in the protected individual's best interest, the court may pass over a person having priority and appoint a person having a lower priority or no priority.

MCL 700.5106(1) provides the circumstances in which the court may appoint a professional guardian or professional conservator, and provides, in relevant part:

(1) Subject to subsections (2) and (3), the court may appoint or approve a professional guardian or professional conservator, as appropriate, as a guardian or conservator under this act, or as a plenary guardian or partial guardian as those terms are defined in section 600 of the mental health code, 1974 PA 258, MCL 330.1600.

(2) The court shall only appoint a professional guardian or professional conservator as authorized under subsection (1) if the court finds on the record all of the following:

(a) The appointment of the professional guardian or professional conservator is in the ward's, developmentally disabled individual's, incapacitated individual's, or protected individual's best interests.

(b) There is no other person that is competent, suitable, and willing to serve in that fiduciary capacity in accordance with section 5212, 5313, or 5409.

In this case, appellant contends that the probate court abused its discretion by appointing Childers as successor guardian and conservator, and that the probate court instead was required by EPIC to give priority to appellant and Wyatt because there was no evidence that they were unsuitable for those appointments. When a guardian resigns or is removed, the probate court is required to appoint a successor guardian consistent with the statutory scheme for initial appointment. See *In re Gerstler*, 324 Mich App at 512-513. That is, MCL 700.5313 does not differentiate between an original appointment of a guardian and the appointment of a successor guardian. Similarly, MCL 700.5409 does not differentiate between an original appointment of a conservator and the appointment of a successive conservator.

We conclude that when appointing a successor guardian and conservator for David, the probate court was obligated to assess anew appellant's and Wyatt's suitability for the roles of David's guardian and conservator. See *In re Gerstler*, 324 Mich App at 512-513. At the May 24, 2021 hearing,[2] the probate court explained its reasons for the appointment of Childers as conservator instead of appointing appellant or Wyatt, stating that the VanPoppelen family's habit of filing meritless motions and objections indicated that they lacked the sophistication to manage David's finances, and that appellant and June would have a conflict of interest because their caregiving services were compensated from David's assets.

The probate court's finding that appellant and Wyatt lacked sufficient sophistication to manage David's finances is not clearly erroneous. The record indicates that appellant and Wyatt are vigilant in their concern for the preservation of David's assets but, together with June, fail to understand the law and procedures mandated by the EPIC and the court rules, resulting in needless litigation. For example, when early in the proceedings their attorney moved to withdraw as the family's counsel, a step the VanPoppelen family apparently agreed with, June filed a lengthy and argumentative response asserting that the attorney did not actually represent the entire family and that the attorney had not performed adequately. When in 2020 the value of David's stocks decreased, apparently due to the advent of the pandemic, the family filed a motion asserting mismanagement by Brosnan. When Brosnan moved to withdraw as guardian and conservator, a step that the VanPoppelen family apparently agreed with, the family responded by challenging Brosnan's performance as a fiduciary and alleging various inaccuracies in the reporting of David's

---

[2] Although this hearing was held after the probate court's March 9, 2020 orders appointing Childers as successor guardian and conservator, we consider the probate court's findings at the later hearing to the extent that they explain its previous decision.

assets. When the family learned of inaccuracies in the tax records regarding the division of the Pentland Township property, the family leapt to the conclusion that there had been mismanagement by the conservator, filing numerous motions with the probate court rather than working with the successor conservator to correct the problem. We therefore conclude that the probate court duly considered appellant's and Wyatt's priority for appointment as conservators, and did not clearly err by finding that they were not suitable. The probate court therefore did not abuse its discretion by appointing Childers as David's successor conservator.

However, the probate court failed to support its finding that appellant and Wyatt are unsuitable to serve as David's guardians. Before the probate court, David's guardian-ad-litem and Childers both stated that they had no objection to appellant's or Wyatt's appointment as David's guardian or co-guardians. They agreed that David received good care in the family home, and there is no evidence on the record that David has been neglected or harmed in the family's care. Although this Court previously upheld the probate court's 2017 determination that appellant and Wyatt were not suitable as guardians because of their youth and because they were not actively participating in David's care, Childers and the guardian-ad-litem acknowledged that more recently appellant was actively working with June to provide David's care. We conclude that the probate court abused its discretion by declining to appoint appellant and/or Wyatt as David's guardians or co-guardians without making findings, supported by the record, that they are unsuitable for that role.[3]

## B. IMPOSITION OF SANCTIONS

In case no. 356664, appellant contends that the probate court abused its discretion by imposing sanctions against the VanPoppelen family after finding their motion to correct the property records regarding the Pentland Township property to be frivolous. Appellant's arguments involve challenges to the probate court's May 25, 2021 order denying her motion for Correction of Estate Property Division, and awarding Brosnan $2,670 in costs and attorney fees as a sanction for bringing a frivolous motion, as well as challenges to the probate court's June 3, 2021 order denying appellant's renewed objection to the conservator's financial report and motion for proper execution of the Pentland Township property deeds, and awarding Childers $175 in attorney fees and costs for the frivolous objections. These issues are not properly before this Court.

In case no. 356664, appellant claimed an appeal to this Court on March 19, 2021, of the probate court's March 1, 2021 order, which denied appellant's motion for an Order of Restitution of Protected Person's Monetary Loss by Conservator, and awarded Brosnan $2,670 in costs and

---

[3] We decline to reach appellant's contentions that the probate court violated her constitutional rights to due process, freedom of association, and freedom of religion by interfering with family relationships, and whether the EPIC's guardianship and conservatorship provisions are properly tailored to protect vulnerable adults without encroaching on fundamental rights of family association. Although appellant recites general principles regarding familial privacy, she offers no specific analysis of the law to the facts of this case and cites no authority supporting her assertion of unconstitutionality, thereby abandoning these issues on appeal. See *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 517; 892 NW2d 467 (2016).

attorney fees as a sanction for bringing a frivolous motion. The issues appellant raises on appeal, however, relate to the sanctions imposed by the probate court in orders entered May 25, 2021 and June 3, 2021. Although a party who files an appeal of right from a final order may raise issues related to preceding interlocutory orders in the case, see *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992), the party may not challenge orders subsequently entered in the lower court. *Gracey v Gross Pointe Farms Clerk*, 182 Mich App 193, 197; 452 NW2d 471 (1990). Therefore, appellant's challenges to the imposition of sanctions arising from the disputed division of the Pentland Township property, the subject of the probate court's May 25, 2021 and June 3, 2021 orders, which were entered after the March 1, 2021 order appealed, are not properly before this Court, and we decline to consider them.

## C. PETITION TO DISSOLVE GUARDIANSHIP AND CONSERVATORSHIP

Appellant also contends that the probate court erred by denying the VanPoppelen family's petition to dissolve the guardianship and conservatorship. We disagree. The probate court previously determined that David was incapacitated, requiring both a guardian and a conservator. The VanPoppelen family did not present evidence before the probate court that David is no longer incapacitated, MCL 700.5306(1), nor that David is no longer "unable to manage property and business affairs effectively for reasons such as mental illness, mental deficiency." MCL 700.5401(3). Rather, the family argues that a guardian and a conservator are not necessary because the family can provide care and manage David's assets without supervision by the court. As discussed, however, the probate court was bound by the statutory provisions of the EPIC when determining David's need for a guardian and a conservator, and could not simply leave his care to his family without complying with the statutory framework.

We affirm the probate court's order appointing Childers as David's successor conservator, and also affirm the probate court's March 1, 2021 order imposing sanctions in favor of Brosnan. We vacate the order of the probate court appointing Childers as David's successor guardian and remand to the probate court for reevaluation of appellant's and Wyatt's suitability to serve as David's guardian or guardians. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Christopher M. Murray